## 10623

### NIMMER v. NORTHWESTERN R. CO.
#### (107 S. E. 479)

1. CARRIERS—PRESUMPTION THAT GOODS WERE DAMAGED BY TERMINAL CARRIER.—Where goods are delivered to consignee in a damaged condition by terminal carrier, the presumption arises that they were damaged while in charge of such carrier.

2. CARRIERS—BURDEN OF PROOF ON PLAINTIFF TO SHOW THAT INJURY OCCURRED WHILE SHIPMENT WAS IN TRANSIT.—In an action against a carrier for injury to shipment, the burden was on the plaintiff to show that the loss or injury occurred while the shipment was in transit, and without that proof he cannot recover.

3. CARRIERS—PROOF OF INJURY WHILE IN TRANSIT MAY BE MADE DIRECTLY OR BY PRESUMPTION ARISING BY DELIVERY IN DAMAGED CONDITION.—In an action against a carrier for injury to shipment, proof that injury occurred while shipment was in transit may be made directly, or by means of the presumption arising from the fact that the shipment was delivered in a damaged condition.

4. EVIDENCE—PRESUMPTION OF CONTINUANCE.—It is the general rule of presumption that a given condition shown to have existed at a certain time continues until the contrary is shown.

5. CARRIERS—LIABILITY OF CARRIER CANNOT BE ESTABLISHED BY PILING PRESUMPTION ON PRESUMPTION.—Where consignee of plate glass accepted it as in good order, but when it was uncrated some months later it was found broken, recovery against the carrier cannot be based on the presumption that the glass was broken when delivered, and the further presumption that the terminal carrier caused the breakage, for that would be basing presumption on presumption.

Before BOWMAN, J., Clarendon, Fall term, 1920. Affirmed.

Action by A. Nimmer against Northwestern Railroad Co. of South Carolina. From a verdict for defendant the plaintiff appeals.

*Mr. J. J. Cantey,* for appellant, cites: *Presumption of damage by terminal carrier*: 78 S. C. 81; 79 S. C. 341; 84 S. C. 249; 90 S. C. 185; 91 S. C. 270; 101 S. C. 430. *Where freight is concealed, receipt under Sec.* 3276, 1 *Civ. Code* 1912, *may be explained*: 66 S. C. 478. *And verdict for plaintiff should be now directed*: 92 S. C. 362.

*Messrs. Purdy & O'Bryan,* for respondent. No citations.

May 23, 1921.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Action for $159 damages, the value of a large piece of plate glass, intended for a store window, consigned by the plaintiff at Atlanta, Ga., to himself at Summerton, S. C., in January, 1920, and alleged by the plaintiff to have been broken in transit. The plate glass broken was one of two pieces crated together. The defendant was the terminal carrier in the transaction.

The shipment arrived at Summerton, the destination point, on January 13, 1920, and was on that day unloaded from the car by the plaintiff's drayman, with the assistance of the defendant's agent. There was nothing to indicate damage to the shipment at that time, and the drayman gave the agent a receipt for it "in good order." He placed it upon his dray, flat side down, and hauled it to the plaintiff's store. The plaintiff was engaged in making certain improvements upon his store, and, not having reached the stage at which the plate glass was to be used, unloaded the shipment from the dray and stored it in the rear of his store, nailing the crate to the wall. In April, three months after the delivery, the plaintiff opened the crate and discovered that one of the pieces of plate glass was broken, utterly destroying its value. He immediately made claim against the railroad company, which being refused, this action was instituted.

Upon the trial of the case the presiding Judge correctly charged the rule laid down in *Willett vs. R. Co.*, 66 S. C. 477, 45 S. E. 93, that, where goods are delivered to the consignee in a damaged condition by the terminal carrier, the presumption arises that they were damaged while in charge of such carrier. He submitted to the jury the issue whether or not the goods when delivered to the consignee by the defendant, were in a damaged condition. "It is for you to say in whose hands these goods were damaged;" and in that connection he charged, in view of the plaintiff's testimony that they were delivered to the initial carrier in good order, and were delivered to the drayman by the railroad company to be carried to the plaintiff, that the presumption was, in the absence of evidence to the contrary, that they were in good order when received by the drayman.

The jury found for the defendant, and the plaintiff has appealed. There are four exceptions, but, as we apprehend, they raise the single issue of the correctness of the Circuit Judge's ruling as to the presumption last stated.

The appellant contends that, upon proof by the consignee that the goods were in a damaged condition at any time after delivery, the burden was thrown upon the carrier to show that they were in good condition at the time of delivery. We think that the rule is otherwise:

"The burden of proof in the first instance, however, is on the plaintiff to show that the loss occurred while the shipment was in transit, and without this proof he cannot recover." 4 R. C. L. 926; *Cooper vs. R. Co.*, 92 Ala. 329, 9 South. 159, 25 Am. St. Rep. 59.

He may establish this fact either by evidence or by the presumption which arises from proof that the shipment was delivered to him in a damaged condition. But he must establish it in one way or the other.

The general rule of presumption is that a given con-

4, 5 dition, shown to have existed at a certain time, continues until the contrary is shown. If the consignee desires to break down this presumption, and to obtain the benefit of the presumption accorded in the Willett case, it is clear that the burden is upon him to show that the goods, when delivered, were in a damaged condition. He will not be allowed the benefit of a presumption that goods found to be damaged three months after delivery were in that condition when delivered, and of the further presumption that the terminal carrier damaged them; he cannot mount a presumption upon a presumption.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.