13900

FULLER v. KELLER *ET AL.*

(175 S. E., 532)

*Messrs. W. K. Charles* and *Greene & Greene,* for appellant,

*Messrs. Grier, Park, McDonald & Todd,* for respondents,

August 6, 1934.

The opinion of the Court was delivered by MR. W. C. COTHRAN, ACTING ASSOCIATE JUSTICE.

Cambridge Street in the City of Greenwood is thirty-five feet wide and runs practically east and west. Bird Street is twenty-two feet wide, runs north and south, and enters Cambridge Street. It does not cross Cambridge Street. The two streets make two corners on the south side of Cambridge Street, there being no corners on the north side. Bird Street ended as it reached Cambridge Street.

On July 21, 1931, Frank B. Fuller, a minor, rode his bicycle on the east side of Bird Street going north, passed the corners of Bird and Cambridge Streets, entered Cambridge Street, and cut diagonally across Cambridge Street until he reached the extreme north side, thence proceeded in a westerly direction along the north side of Cambridge Street toward his home. Before entering Cambridge Street he looked in both directions to see if any cars were coming and, seeing none, proceeded to enter Cambridge Street. At a point on the north side of Cambridge Street fifty-one feet from the center of Bird Street, if Bird Street be projected into Cambridge Street, and not near either of the corners of the two streets, young Fuller was struck by an automobile driven by the defendant Alonzo Keller, and very seriously injured.

Suit was brought against the defendants in March, 1932; the complaint demanding both actual and punitive damages.

The trial resulted in a verdict for the plaintiff for $350.00, upon which judgment was entered and from which this appeal is prosecuted by the plaintiff. It may here be stated that at the close of all the testimony the defendants moved for a directed verdict and after the rendition of the verdict the plaintiff moved for a new trial on account of the inadequacy of the verdict. Both motions were refused. The entire case,

both as to actual and punitive damages, was submitted to the jury and the verdict was for actual damages only.

The nine exceptions of the appellant have reference to two main points. Error is charged because the Circuit Judge did not grant the motion of plaintiff for a new trial on the ground of inadequacy of the verdict, and the remaining exceptions impute error relative to the refusal of the Circuit Judge to charge the jury the provisions of Section 69 of the ordinances of the City of Greenwood.

The respondent presents the view that the appeal is not in order and furnishes rather cogent reasons to sustain this position. However, we prefer to consider this appeal on its merits and will do so without further reference to the status of the appellant as to his right to maintain this appeal. No ruling is made thereon.

The motion for a new trial was made on the sole ground that the verdict was too small in amount to compensate the plaintiff for his personal injuries together with his pain and suffering. There was no ground urged as to prejudice, caprice, passion, or any similar reason for the finding of the verdict. The disposition of the motion for a new trial as based solely on the one ground, which is a question of fact, was wholly in the discretion of the Circuit Judge (*Bodie v. R. Co.,* 66 S. C., 302, 44 S. E., 943), and we cannot say that his ruling constituted error of law.

The question pertaining to the ordinance will now be considered.

The ordinance, Section 69, was passed in 1924 and provided that no person should drive an automobile by the intersection of any street corners at a greater rate of speed than six miles per hour. In 1929 an ordinance was passed by the city entitled "An Ordinance to Govern the Speed of Motor Vehicles in the City of Greenwood." This ordinance made no mention of corners but limited the speed of all cars to twenty-five miles an hour in residential districts and to

fifteen miles an hour in business districts. The ordinance of 1924, Section 69, was offered in evidence by the plaintiff and the ordinance of 1929 was offered by the defendants. The defendants urged that the ordinance of 1924 should not be submitted to the jury for two reasons: First, it was repealed by the ordinance of 1929; and, second, if not repealed it was not applicable to the facts of this case. The Circuit Judge held that it was not repealed by the later ordinance, but that it did not apply to the facts for the reason that the plaintiff came into Cambridge Street on the south side, and the accident happened on the north side. He, therefore, refused to charge the jury the ordinance of 1924, but did charge the ordinance of 1929. The plaintiff alleges error in refusing to charge the ordinance of 1924.

The argument of the plaintiff is that if the Circuit Judge had submitted to the jury the ordinance of 1924, the jury would have had an additional ground to consider negligence and recklessness on the part of the defendants and that the verdict might have been larger for actual damages and might have included punitive damages as well.

Some question was made as to the applicability of the ordinance as it referred to the intersection of two streets, the argument being that Bird Street must cross Cambridge in order to intersect it. The case of Crouch v. Cudd, 158 S. C., 1, 155 S. E., 136, places a different construction upon the word "intersect" when viewed in the light of the general intent of the ordinance. It would, therefore, appear that the intersection may be complete without the actual crossing, and we think the general trend of the ordinance would warrant that construction in this case.

The remaining questions which arise are: Is Section 69 of the ordinance of 1924 applicable, if valid; and does the ordinance of 1929 repeal Section 69 of the ordinance of 1924? The Circuit Judge held that the ordinance of 1929 did not repeal Section 69 of the ordinance of 1924 and from that ruling there is no appeal. Consequently, the only ques-

tion now to be considered is whether or not Section 69 is applicable to the facts of this case, to which may be added the further question: Was the plaintiff prejudiced by such ruling?

The corners to which the ordinance would apply were on the other side of the street from the car of the defendants. There were no corners where he was driving or where the accident took place, and there is no question but that the driver of the car was where he had a legal right to be. The ordinance provides against running "by the corners" of the two streets. "By" means near, close to, in close proximity. If the accident had occurred in the projection of Bird Street, it would have been some thirty feet from the corners. Where it did occur was more than fifty feet from the corners, and we agree with the Circuit Judge that the provisions of Section 69 did not apply to the facts of this case.

Nor can we say that the plaintiff was prejudiced by this ruling. There was proof to the effect that the driver of the car was running faster than was permitted by either Section 69 of the ordinance of 1924 or by the ordinance of 1929, and upon this proof the Circuit Judge submitted to the jury the right to find both actual and punitive damages. There is nothing in the record to convince us that the jury would have found a different verdict even though Section 69 had been submitted to them.

The judgment is affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER, CARTER and BONHAM concur.