Williams, J.
 

 Evidence was adduced to show that on leaving Massillon William D. Kreiger was driving the automobile, which belonged to him, and that Arthur F. Locke was his guest. There were no witnesses as to what happened from that time until the collision
 
 *509
 
 with the pole. There was therefore a presumption that the situation as to who was driving continued since there was no evidence to the contrary and no different presumption arose.
 
 Industrial Commission
 
 v.
 
 Carden, ante,
 
 344, 195 N. E., 551. The evidence adduced was sufficient to warrant the jury in finding that at the time of the collision Kreiger was driving his own car and that plaintiff’s decedent was riding with him as a guest. The guest statute, Section 6308-6, General Code, was not in force at that time; moreover, the driver’s negligence would not be imputed to plaintiff’s decedent.
 
 Hocking Valley Ry. Co.
 
 v.
 
 Wykle, Jr., a Minor,
 
 122 Ohio St., 391, 171 N. E., 860. While no question is raised in this connection the status of plaintiff’s decedent must be borne in mind.
 

 The telephone company claims that the trial court erred in refusing to direct a verdict in its favor for the reason that as a matter of law it was not guilty of negligence. The pole was placed and maintained by the defendant company 5.1 feet from the brick pavement and was on an improved portion of the highway which the driving public used at times, and under the circumstances of the case it was a question of fact for the determination of the jury whether it was where it would incommode the public in the use of the highway, and, if so, whether the defendant was guilty of negligence in placing and maintaining it there.
 
 Cambridge Home Telephone Co.
 
 v.
 
 Harrington,
 
 127 Ohio St, 1, 186 N. E., 611.
 

 The telephone company further contends and claims that if it were guilty of negligence, such negligence was the remote and not the proximate cause of the collision and resulting harm and further that this court should so find as a matter of law.
 

 The telephone pole played a part in wrecking the automobile and causing the death of the occupants. It is purely speculative to say that if the automobile had missed the pole, it would have run on and hit the
 
 *510
 
 gasoline pumps or the filling station with the same fatal result. The driver, perhaps, may have made the turn on the cinders and regained the main highway. In our judgment the question of proximate cause was one for the jury and not for the court.
 

 However, the telephone company relies upon
 
 Lake Shore & Michigan Southern Ry. Co.
 
 v.
 
 Liidtke, an Infant,
 
 69 Ohio St., 384, 69 N. E., 653. In that case it appears that an action was brought by an infant, six years of age, through its next friend, against the railway company to recover damages for negligence in leaving a hole in the wire fence enclosing a railroad right of way, through which hole the boy passed and suffered injury from a moving train. The court held that the opening in the fence was not the proximate cause of the injury. That case does not afford an exact parallel to the instant case.
 

 If Kreiger, the driver of the car, was guilty of negligence in running into the pole and the telephone company was guilty of negligence in maintaining the pole where it was, that is, if the negligence of both together was the proximate cause of the death of plaintiff’s decedent, actionable negligence on the part of the telephone company would exist; and, again, if the negligence of the telephone company was a proximate cause of the death of plaintiff’s decedent, the fact that some other cause for which neither party to the action was to blame, proximately contributed to the harm would not avail to relieve the telephone company from liability.
 
 Hocking Valley Ry. Co.
 
 v.
 
 Helber, Admr.,
 
 91 Ohio St., 231, 110 N. E., 481. Nor, for reasons hereinafter given, can it be said as a matter of law that the act of the driver was an intervening independent cause. The collision between the automobile and the pole produced the compact that resulted in the deaths; and the question whether the negligence of the telephone company, if any, in placing and maintaining the pole where it
 
 *511
 
 was, was a proximate cause of the fatalities, was one of fact for the jury.
 

 For the reasons given there was no prejudicial error committed in overruling defendant’s motion for a directed verdict.
 

 The remaining contention of plaintiff in error is that the court erred in giving to the jury plaintiff’s requested charge which was as follows:
 

 “If you find by a preponderance of the evidence in this case that plaintiff’s decedent was a passenger in said car and that the defendant, The Ohio Bell Telephone Company, and the driver of the automobile in which plaintiff’s decedent was riding were both negligent, then such acts of negligence would be concurrent, and if they proximately contributed to — that is, were the direct and proximate cause of decedent’s death complained of, then your verdict may be against the defendant, The Ohio Bell Telephone Company alone, that is to the amount, of course, you find for plaintiff if the decedent was in the exercise of ordinary care.”
 

 It is claimed that this statement of the law is improper for the reason that concurring negligence cannot evolve proximate out of remote cause. The argument advanced in support of this proposition is that the pole was merely a passive, inactive condition which was rendered injurious by the intervening independent act of the driver of the automobile. It is true that the pole was static, but for the defendant company to carelessly and negligently maintain it in a position where it would incommode the public in its use of the public highway would constitute negligence by a continuing act of malfeasance. In our judgment the act of the driver was not as a matter of law an independent intervening cause, as such act of the driver and the negligence of the telephone company, if any, were existent and concurrent at the time of the collision. The charge was therefore proper.
 

 
 *512
 
 There being no prejudicial error on the face of tbe record, tbe judgment will be affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Stephenson and Zimmerman, JJ., concur.
 

 Matthias, J., dissents.
 

 Jones, J., not participating.