14591

McKIBBEN v. ANTHONY *ET AL.* (TWO CASES)
DUNLAP v. SAME

(194 S. E., 446)

*Messrs. Finley & Spratt, Spencer & Spencer* and *B. J. White,* for appellants, cite:

*Messrs. Wilson & Wilson, J. M. Blackmon* and *W. B. Mack,* for respondents, cite:

December 29, 1937. ·

The opinion of the Court was delivered by MR. JUSTICE STABLER.

These several cases arose out of the same state of facts, and are actions for damages, both actual and punitive, for injuries alleged to have been received by the plaintiffs in a collision between a Chevrolet pick-up truck, driven by Hazel McKibben, and in which the other plaintiffs were also riding, and a Ford V-8 coach, driven by the defendant John V. Verner. The collision occurred on the afternoon of October 18, 1934, just within the limits of the City of Rock Hill, on the Rock Hill-Charlotte highway. It was alleged that the plaintiffs' injuries were caused by the negligtnce and recklessness of the defendant Verner in driving the Ford V-8 coach at the time of the collision "in an unlawful, careless and reckless manner in willful disregard of the ordinances of the City of Rock Hill and the statutes as to the law of the road; the specifications of alleged negligence being set forth in the complaints in the three causes."

The defendants denied all allegations of negligence and willfulness on their part, and alleged that the collision was caused by the careless and willful conduct of the plaintiff, Hazel McKibben, in driving the Chevrolet truck as was done by him at the time and place of the accident. They also asked, by way of counterclaim, for actual and punitive damages for injuries alleged to have been suffered by them in the collision. The net result was that the plaintiffs sued for damages in the total sum of $15,800.00 alleged to have grown out of willful and wrongful acts of the defendants; and the defendants sought to recover damages in a like amount growing out of alleged willful and wrongful acts of the plaintiffs. The defendant Verner, however, later withdrew his counterclaim against the plaintiff, Mrs. Elizabeth McKibben Dunlap.

By agreement of counsel, the cases were tried together in the Court below, in December, 1935. At the conclusion

of all the testimony, the defendants moved for a directed verdict upon grounds which we need not refer to. The motion was refused and the "jury returned a verdict for the respondents in the sum of one dollar punitive and actual damages." The plaintiffs then moved for a new trial "on the ground of inadequacy of damages." Judge Johnson granted the motion, and whether or not he was in error in so doing is the only question presented by the appeal.

Our leading decision on this subject is *Bodie v. Railway Company,* 66 S. C., 302, 44 S. E., 943, 946, where it was held that the presiding Judge had the power, and that it was in his discretion, to grant a new trial for inadequacy of damages. The Court, while pointing out that new trials at common law were not granted on this ground, quoted with approval the following from 14 Enc. of Pl. & Pr., 765: "But the modern rule is that a new trial may be granted, in actions for torts, where the verdict is grossly inadequate, for the same reasons as those governing where the verdict is excessive." And from 16 Ency. of Law, 1st Ed., 591: "Where a verdict gives grossly inadequate damages to a plaintiff, it is as much a ground for a new trial upon the motion of the plaintiff as a verdict for excessive damages would be upon the motion of the defendant." Also, the following from *McDonald v. Walter,* 40 N. Y., 551: "A verdict for grossly inadequate amount stands upon no higher ground in legal principle, nor in the rules of law or justice, than a verdict for excessive or extravagant amount. It is doubtless true that instances of the former occur less frequently, because it is less frequently possible to make it clearly appear that the jury have grossly erred. But when the case does plainly show such a result, justice as plainly forbids that the plaintiff should be denied what is his due, as that the defendant should pay what he ought not to be charged." The case of *Benton v. Collins,* 125 N. C., 83, 34 S. E., 242, 47 L. R. A., 33, is cited as fully sustaining the Court's views on the question.

The holding in the *Bodie case* has been consistently followed and approved by this Court. In *De Pass v. Broad River Power et al.,* 173 S. C., 387, 176 S. E., 325, 329, 95 A. L. R., 545, the following appears: "It is now well settled that, in actions for torts, a new trial may be granted by the presiding Judge, in the exercise of a just and wise judgment, upon the ground that the verdict is grossly inadequate." See, also, *Fuller v. Keller et al.,* 173 S. C., 315, 175 S. E., 532; *Leonard v. Broad River Power Company,* 174 S. C., 199, 177 S. E., 152.

We have read with care the record in the case at bar; and while it is true that the testimony is in sharp conflict as to the cause of the collision, the jury by their verdict said that the defendants were guilty of the delict charged; that is to say, that the injuries suffered by the plaintiffs were proximately caused by the negligent and willful acts of the defendants. The plaintiffs proved, as the evidence discloses, that their damages were substantial. The jury, therefore, as held by Judge Johnson, did not adequately remunerate them for their damages, pain, and suffering; the verdict being grossly inadequate. Upon full consideration, we find no abuse of discretion on the part of the presiding Judge in granting the new trial.

The judgment of the Court below is affirmed.

MESSRS. JUSTICES BONHAM, BAKER and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.