## SHORT v OHIO BELL TELEPHONE CO.
(Two Cases)

Ohio Appeals, 4th Dist, Adams Co

Decided June 23, 1941

Stephenson & Wilson, West Union, for appellants.

James W. Lang, Jr., West Union, and Henderson, Burr, Randall & Porter, Columbus, for appellee.

## OPINION

PER CURIAM:

The questions presented on this appeal on questions of law in these two cases are identical. The appeals were properly presented without distinction being made as to either case and will be considered and disposed of in the same manner by the court.

Demurrers to the plaintiffs' first amended petitions were sustained by the trial court, after which the plaintiffs' second amended petitions were ordered stricken from the files which orders upon the refusal of the plaintiffs to plead further were in effect judgments on the pleadings.

The principal allegation in question contained in both the first and second amended petitions was in substance that Mabel Short, wife of Charles N. Short, was driving their motor vehicle

on June 25, 1936, at about 3 o'clock P. M., northward along and over state route 136 in Adams County at a point about ten feet from the south corporation line of the incorporated village of Winchester, when the motor vehicle which she was driving struck some round object on the highway that diverted its course from the highway and toward and into a telephone pole owned and maintained by the defendant, causing the personal injury in one case and the property damage in the other case; that the roadway and right of way were almost level at said point and the pole in question was about fifteen feet east from the macadamized or travelled portion of said highway; that a small ditch was between said pole and the macadamized portion of the highway and that the motor vehicle left the travelled portion of the highway and crossed the ditch before it collided with defendant's telephone pole. The principal difference between the first and second amended petitions was that the second amended petitions contained an additional allegation to the effect that the Ohio Bell Telephone Company had not secured a permit prior to June 25, 1936, from the Director of Highways of the State of Ohio with reference to the location of its telephone pole in the right of way of said route 136 in Adams County.

The principal question here presented, that the telephone pole in question was not in such proximity to the roadway so as to discommode the public in the use thereof, §9170 GC, and its location in the highway was not the proximate and contributing cause of the collision, is fully determined in the case of **Ohio Postal Telegraph-Cable Co. v Yant, 64 Oh Ap 189, 28 N. E. 2d. 646,** and is in complete accord with the trial court's ruling in this regard. This case is not in conflict with the cases of **Cambridge Home Telephone Co. v Harrington, 127 Oh St 1, 186 N. E. 611,** and **Ohio Bell Telephone Co. v Lung, 129 Oh St 505, 196 N. E. 371,** relied upon by the plaintiffs, and is distinguishable therefrom because of the different factual situation presented.

Plaintiffs' failure to allege facts sufficient to constitute the defendant negligent and that negligence to be the proximate cause of the collision is in nowise cured by the additional allegation that the telephone company had failed to secure a permit from the Director of Highways with reference to the location of the telephone pole in question. Dawson v Postal Telegraph-Cable Co., 265 Mich. 139, 251 N. W. 352. Such failure was not the proximate cause of the collision. In view of this proposition the appellants' attack upon the validity of §§9170 and 9191 GC, even if tenable, fails to constitute the presence or location of the telephone pole to be the proximate cause of the collision. However, the sections complained of, when considered in the light of the Supreme Court's decision in the case of **Zanesville v Telegraph & Telephone Co., 64 Oh St 67, 59 N. E. 781, 52 L. R. A. 150, 83 Am. St. Rep. 725,** and the pronouncement in **20 O. Jur. 814,** are constitutional.

Judgment affirmed.

GILLEN, PJ., McCURDY & METCALF, JJ., concur.