**RENNER, Admrx., Plaintiff-Appellee, v. PENNSYLVANIA RAILROAD COMPANY, Defendant-Appellant.**

Ohio Appeals, Seventh District, Columbiana County.

No. 685. Decided May 17, 1951.

L. M. Kyes, East Palestine, Falls, Hazel & Kerr, Youngstown, for plaintiff-appellee.

Burt, Carson, Lynch & Vogelgesang, Canton, for defendant-appellant.

(SKEEL, PJ, HURD, J, THOMPSON, J, of 8th District sitting by designation in the 7th District.)

## OPINION

By SKEEL, PJ.

This cause comes to this court on questions of law from a judgment of the Common Pleas Court of Columbiana County for the plaintiff, entered upon the verdict of the jury, the action being one for wrongful death.

The decedent came to his death in a grade crossing accident at the intersection of North Market Street and the defendant's tracks in the City of East Palestine, Ohio, at about one A. M. April 28, 1935.

The decedent was a resident of Enon Valley, Pennsylvania. On Saturday night, April 27, he and his two brothers went for a ride in the new Plymouth automobile of Jesse Walker. They left their home about 10 P. M.. They visited a tavern near East Palestine. At about 1 A. M., of the morning of April 28th, upon leaving the tavern they drove South on North Market Street in East Palestine. The testimony as to the manner in which they were driving is in conflict, the plaintiff's witnesses testifying that they were going 20 to 25 miles per hour, while defendant's witnesses describe the auto as going over 50 miles per hour. In all events, as they neared the crossing there is testimony in the record to the effect that the defendant's gate tender, then on duty at the crossing, started to lower the crossing gates for an approaching train, and after putting them almost down they were momentarily raised and as the automobile proceeded forward the speed slackened momentarily and then went forward, and the North gate then came down and struck the automobile just in front of the windshield. The automobile then destroyed the gate, and proceeded on to the track where it was struck by defendant's train proceeding at a high rate of speed, to-wit, about sixty miles per hour. All four boys were instantly killed.

Thereafter, one L. M. Kyes, upon application made to the Probate Court of Columbiana County was appointed ancillary administrator of the estate of Omar W. Renner and on November 7, 1935, a petition was filed against the defendant for wrongful death.

On June 15, 1936, the defendant filed a demurrer upon the ground that, as disclosed upon the face of the petition, the plaintiff did not have legal capacity to sue.

The court overruled the demurrer and after a number of other petitions and motions were filed and ruled upon, the case went to trial on the fourth amended petition and the answer filed thereto on May 22, 1944, resulting in a disagreement of the jury and retrial June 4, 1945, which trial resulted in the judgment from which this appeal has been taken.

After the demurrer was overruled, at the suggestion of the trial judge, a motion was filed in Probate Court to dismiss, for want of interest, the application of L. M. Kyes for appointment of ancillary administrator and to dissolve such administration. This motion was sustained by the Probate Court and such ancillary administration was dismissed. The order of dismissal was affirmed upon review.

Thereafter, on March 15, 1941, Anna B. Renner was appointed administratrix of the estate of Omar W. Renner in Lawrence County, Pa., and on April 22, 1941, as administratrix she made an application to the common pleas court of Columbiana County for leave to be substituted for L. M. Kyes, ancillary administrator, as plaintiff in the action, which application was granted and Anna B. Renner was substituted as party plaintiff on July 8, 1941 to which entry defendant entered its exception.

The defendant complains of the following errors:

1. Overruling demurrer to original petition on ground of lack of capacity of plaintiff to sue, and overruling objection to introduction of any testimony for the same reason.

2. Error in allowing substitution of Anna B. Renner, Administratrix in place of L. M. Kyes, Ancillary Administrator, and in overruling objection to introduction of any testimony for the same reason.

3. Excessive damages allowed to only two next of kin in full amount alleged to have been suffered by eight.

4. Verdict against the weight of the evidence.

5. Error in general charge as to raising gates.

6. Error in general charge as to warning by bell.

7. Error in general charge as to inference as to driver.

8. Error in failing to charge on effect of riding with known drunken driver as requested.

9. Error in failing to charge on burden to prove status of decedent as passenger, as requested.

10. Error in disregarding newly discovered evidence.

11. Error in overruling motion to refrain from further action for loss of jurisdiction, filed Oct. 17, 1949.

Whatever error could have been claimed because of the overruling of the defendant's demurrer in which the capacity of the then plaintiff to maintain the action, was challenged, must now be considered in the light of the subsequent substitution of party plaintiff. If such substitution was proper and dates back to the filing of the action, then whatever error was committed in ruling upon the demurrer would no longer be available to the defendant. For that reason we direct our attention to the defendant's second claim of error.

Did the court have the power to substitute a proper party plaintiff under §10509-167 GC, after the statute of limitations had run against the filing of a new action for the alleged wrongful death of the decedent?

It must be observed that there was no change in the cause of action as stated by plaintiff's fourth amended petition, so that if the appointment of an administratrix as provided by law and her substitution as party plaintiff as the representative of the next of kin relates back to the filing of the original petition, then whatever lack of authority that might have been charged against the original plaintiff as ancillary administrator would have been cured.

The plaintiff relies on the case of **Douglas v. Daniels Coal, Co., 135 Oh St 641,** as authority for the court to make such substitution. In this case the plaintiff had brought the action as the personal representative of the next of kin in a wrongful death case. Her appointment as administratrix had never been legally completed although application had been made therefor. When this fact was discovered a motion was filed seeking to complete her appointment which was accomplished and a motion was made to correct the allegations of the petition with respect to the plaintiff's capacity to bring the action which motion was granted, all of which took place after the statute of limitations had run. The court said:

"In the instant case the cause of action set up in the petition is in no way affected by the corrections contained in the amendment. The amendment corrects the allegations of the petition with respect to plaintiff's capacity to sue and relates to the right of action as contra-distinguished from the cause of action. A right of action is remedial while a cause of action is substantive, and an amendment of the former does not affect the substance of the latter. See 1

Bouvier's Law Dictionary (Rawles Rev.) 295; Pomeroy's Code Remedies (5 Ed) 526 et seq., Sec. 346 et seq; 1 Cyc. 643. An amendment which does not substantially change the cause of action may be made even after the statute of limitations has run.

The requirement of the wrongful death statute that the prosecution of the action be in the name of the personal representative is no part of the cause of action itself, but relates merely to the right of action or remedy. That requirement was obviously intended for the benefit and protection of the surviving spouse, children and next of kin of a decedent, the real parties in interest. The personal representative is only a nominal part. **Wolf Admr. v. Lake Erie & W. Ry. Co., 55 Oh St 517,** 45 N. E. 708, 36 L. R. A. 812. Nor does the statute require that the personal representative shall bring the action (Wolf, Admr. v. Lake Erie & W. Ry. Co. supra) but merely provides that the action, if brought, shall be brought in the name of the personal representative. The only concern defendants have is that the action be brought in the name of the party authorized so that they may not again be hailed into court to answer for the same wrong.

We hold that where a widow institutes an action as administratrix, for damages for the wrongful death of her husband, under the mistaken belief that she had been duly appointed and had qualified as such, thereafter discovers her error and amends her petition so as to show that she was appointed administratrix after the expiration of the statute of limitation applicable to such action, the amended petition will relate back to the date of the filing of the petition, and the action will be deemed commenced within the time limited by statute."

The supreme court followed the Douglas case, supra in the case of **Moherman v. Nichols, 140 Oh St 450.** See also, **H. S. Leyman Co. v. Piggly Wiggly Corp., 45 Abs 528 (1944),** and 123 A. L. R. note, page 768, where the author comments on the Douglas case. Likewise, in 8 A. L. R. (2d) page 51, in extending the comment on the Douglas case we find the following:

"As a general rule, either at common law or under statutes not providing expressly that the cause of action may be changed, the question whether an amendment substituting a new plaintiff for the original one will, as regards the statute of limitations, be regarded as the institution of a new action, depends upon whether such amendment will introduce a new cause of action in the case.

"If the substitution of plaintiffs by amendment does not in fact change the claim or cause of action such amendment

relates back to the commencement thereof and the running of the statute of limitations is stopped at that point."

See also; Alvez v. Toprohanian, 102 Pac (2d) 566; Amer. Nat. Bank of Enid v. Crews, 126 Pac (2d) 733.

We must conclude, therefore, that the court was vested with power to substitute a correct party plaintiff and that such substitution related back to the date of the filing of the action. The defendant's first and second claims of error are, therefore, overruled.

The members of the court are unable to agree that the verdict is against the manifest weight of the evidence, and therefore, the defendant's fourth claim of error is overruled. Likewise, from the special finding of fact returned by the jury as follows:

"Q. Do you find that any of the boys in the car were either drunk or under the influence of liquor at the time of the collision?

"A. No."

the court must conclude the defendant's 8th claim of error, which is founded on the failure of the court to charge on the duty of a passenger riding with a known drunken driver, is not well taken. This claim is, therefore overruled.

We also overrule claims of error Nos. 10 and 11.

We do not find that the evidence set forth in the affidavit of Mrs. Elsie Bacon filed with the defendant's motion for new trial would be in the category of newly discovered evidence. Likewise, the court did not lose jurisdiction of this cause by the delay of over four years in ruling on the defendant's motion for new trial under the provisions of §1685 GC.

Coming now to the question of whether or not there is any evidence from which the jury could find that the plaintiff's allegation that the decedent was a passenger (which allegation is denied by defendant's answer) could be sustained, there is no direct evidence to support this allegation except for the testimony of the plaintiff, that when the boys left her home, Walker, who was the owner of the automobile, was driving and that this decedent was riding in the back seat. The record is silent as to who was driving at the moment of the collision. There is no question but that Walker was the owner of the automobile and that it was a new 1934 Plymouth which he had owned but a few months. It is objected that the mother's testimony of what took place when the boys left their home is of no value because the boys left the car at the tavern some time before the collision. This does not, however, destroy the admissibility of such

evidence when considered in the light of the inference which may be drawn from the fact that generally an owner is likely to drive his own automobile. We find no error in the General Charge in this respect.

The other errors claimed in the court's general charge are not well taken. It is our opinion that the trial court in its opinion filed upon the overruling of the motion for new trial correctly disposed of these claims.

For the foregoing reasons the judgment of the trial court is affirmed.

HURD, J, THOMPSON, J, concur.