## 17742

Fred W. FULLER, Administrator of the Estate of Mildred L. Fuller, Respondent, v. James C. BAILEY, Appellant

(118 S. E. (2d) 340)

*Messrs. Sinkler, Gibbs & Simons,* of Charleston, *for Appellant,*

*Messrs. William H. Grimball, Jr.,* and *Arthur C. Baker,* of Charleston, *for Respondent,*

February 1, 1961.

Moss, Justice.

This is an action to recover damages for the alleged wrongful death of Mildred L. Fuller. Section 10-1951 *et seq.,* 1952 Code of Laws of South Carolina. The respondent asserts that his intestate was riding as a guest passenger in the automobile of the appellant. The right to recover is governed by Section 46-801 of the Code of 1952, which provides:

"No person transported by an owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause of action for damages against such motor vehicle or its owner or operator for injury, death or loss in case of an accident unless such accident shall have been intentional on the part of such owner or operator or caused by his heedlessness or his reckless disregard of the rights of others."

The foregoing section, as construed by this Court, restricts liability to a guest to cases where injury or death has resulted from either intentional, heedless or reckless misconduct of the owner or operator of the motor vehicle. *Jackson v. Jackson,* 234 S. C. 291, 108 S. E. (2d) 86.

The complaint alleges that on September 1, 1958, at approximately 9:30 p. m., that Mildred L. Fuller was riding as a passenger in a Ford automobile which was owned and driven by James C. Bailey, the appellant herein. The said Mildred L. Fuller died on said date as a direct and proximate result of injuries received by her due to the operation of said automobile by the appellant at a high, dangerous, reckless and unlawful rate of speed, and in heedless and reckless disregard of the rights of the said Mildred L. Fuller. The appellant, by answer, denied any wrongful conduct on his part that brought about the injury and death of the said Mildred L. Fuller. The cause came on for trial before the Honorable Bruce Littlejohn, and a jury, on November 10, 1959, and resulted in a verdict for the respondent in the amount of $2,000.00 actual damages. At appropriate stages of the trial, the appellant moved for a nonsuit, directed verdict and judgment *non obstante veredicto,* on the ground that there was no testimony from which it could be inferred that the appellant was driving the automobile at the time of the accident in which the said Mildred L. Fuller lost her life. The other ground was that if it be concluded that the appellant was operating or driving the said automobile, there was no evidence that established that he was guilty of negligence, recklessness, willfullness, wantonness or heed-

lessness, which operated as the proximate cause of the death of respondent's intestate. These motions were denied.

Upon the rendition of the verdict in favor of the respondent for the sum of $2,000.00 actual damages, he moved for a new trial on the ground that the verdict was grossly inadequate. This motion was sustained and new trial was granted. The case is before this Court upon proper exceptions challenging the foregoing rulings of the Trial Judge. The questions presented are (1) whether the Trial Judge was in error in refusing to grant the motions of the appellant for nonsuit, directed verdict and judgment *non obstante veredicto* on the grounds stated; and (2) did the Trial Judge commit error in granting a new trial on the ground that the verdict was inadequate.

It is a well established rule of law that in passing upon the exceptions of the appellant to the refusal of the Trial Judge to grant his motions for a nonsuit, directed verdict or judgment *non obstante veredicto,* it is incumbent upon this Court to view the evidence and the inferences fairly deducible therefrom in the light most favorable to respondent's case. *Peagler v. Atlantic C. L. Railroad Co. et al.,* 234 S. C. 140, 107 S. E. (2d) 15. *Johnson v. Charleston & W. C. Ry. Co.,* 234 S. C. 448, 108 S. E. (2d) 777.

The evidence shows that Mildred L. Fuller lost her life on September 1, 1958, when the Ford automobile in which she was riding went out of control and left the highway on a curve in Highway No. 642, about five miles east of the Town of Summerville in Dorchester County, South Carolina. The automobile was owned by the appellant, James C. Bailey, and he was in the automobile at the time of the accident, and it appears from the evidence that he sustained severe head injuries and had no recollection of the occurrence. There were no eyewitnesses to the accident.

It is the contention of the appellant that the respondent offered no proof from which it could be reasonably concluded that the appellant was operating the

automobile at the time of the accident. There is no direct evidence in the record that the appellant was driving the automobile at the time of the accident. However, the circumstantial evidence which tends to prove that the appellant was the driver of the car is that he was the owner thereof; that he kept his automobile in perfect condition, and it was testified by one witness who knew the appellant well that he had never seen anyone else drive the automobile. It was testified that the respondent's intestate did not like to drive an automobile and only drove when it was necessary. There was also testimony that the appellant and Mildred L. Fuller were seen about one-half an hour prior to the accident and that the appellant was then driving the automobile and the deceased was sitting on the opposite side of the driver. On the day in question, the decedent asked the appellant to drive her in an effort to find her husband and daughter. The appellant testified that he drove Mildred L. Fuller to several places in and near Charleston immediately prior to the accident. He further testified that the last time he remembered driving the car was when he came across the new Ashley River Bridge and headed towards the new dual lane highway. The undertaker testified that in preparing the body of Mildred L. Fuller for burial he removed therefrom a knob which had made an imprint on the upper part of her chest. This knob apparently came from the car radio. Since the car radio was to the right of the center of the car, this circumstance would indicate that Mrs. Fuller was seated opposite the car radio to the right of the driver. There was testimony from which it could be inferred that the appellant's head struck the steering wheel, which indicates that he was in the driver's seat when the accident happened. The body of the decedent was found under the right side of the automobile which was turned on its right side. The appellant was thrown clear of the car. The highway patrolman who investigated the wreck testified as follows:

"Q. From the position of the bodies and the position of the car, did that indicate as to the driver? A. Yes, I figured

from him being thrown clear of the car and the door missing thrown clear of the car—the lefthand door was missing from the car—I figured that he must have come out of the lefthand side."

We think that the physical facts at the scene of the wreck, and the attendant facts and circumstances, which are circumstantial in nature, when considered in the light most favorable to the respondent permit a reasonable inference that the appellant was driving the automobile at the time of the wreck. The case of *Stegall v. Sledge,* 247 N. C. 718, 102 S. E. (2d) 115, 118, involved a factual situation, somewhat similar to the present case, and the Supreme Court of North Carolina held that the evidence was sufficient to take to the jury the issue as to whether the decedent, whose estate was the defendant, was driving at the time of the wreck. We quote therefrom the following:

"Inferences as to who was driving the automobile at the time of the wreck cannot rest on conjecture and surmise. *Parker v. Wilson,* 247 N. C. 47, 100 S. E. (2d) 258; *Sowers v. Marley,* 235 N. C. 607, 70 S. E. (2d) 670. The inferences permitted by the rule are logical inferences reasonably sustained by the evidence, when considered in the light most favorable to the plaintiff. *Whitson v. Frances,* 240 N. C. 733, 83 S. E. (2d) 879. To make out this phase of the case plaintiff must offer evidence sufficient to take the question of whether defendant's intestate was driving the automobile at the critical moment out of the realm of conjecture and into the field of legitimate inference from established facts. *Parker v. Wilson, supra.*

"Plaintiff did not offer any direct evidence showing that defendant's intestate was driving the automobile at the time of the wreck. She is not required to do so. Circumstantial evidence alone is sufficient to establish this crucial fact. *Bridges v. Graham,* 246 N. C. 371, 98 S. E. (2d) 492, and cases there cited."

The respondent cites the annotation in 32 A. L. R. (2d) 988, upon the subject of proof, in absence of direct testi-

mony by survivors or eyewitnesses, of who, among occupants of motor vehicle, was driving it at time of accident. In this annotation we find the following statement:

"That one who was shown to be driving an automobile shortly prior to an accident is presumed to have continued as driver was recognized in *Flick v. Shimer* (1941), 340 Pa. 481, 17 A. (2d) 332, and *Morgan v. Peters* (1942), 148 Pa. Super. 88, 24 A. (2d) 644, both set out in para. 2, *supra,* and given effect not only in those cases but in *Claussen v. Johnson's Estate* (1938), 224 Iowa 990, 278 N. W. 297; *Ohio Bell Tel. Co v. Lung* (1935), 129 Ohio St. 505, 196 N. E. 371; *Renner v. Pennsylvania R. Co.,* (1951, App.) 61 Ohio L. Abs. 298, 103 N. E. (2d) 832; and *Huestis v. Lapham's Estate* (1943) 113 Vt. 191, 32 A. (2d) 115."

In the case of *Ohio Bell Tel. Co. v. Lung, supra,* where the owner of an automobile and his guest were both killed when the car ran into a telephone pole owned and maintained by the telephone company, the Court said that where, on leaving for the trip the owner was driving, and there were no witnesses as to what happened from that time until the collision, there was a presumption that the situation continued, since there was no evidence to the contrary and no different presumption arose. It was held that the evidence was sufficient to warrant the jury in finding that at the time of the collision the owner was driving his own car and that plaintiff's decedent was riding with him as a guest. In the case of *Nimmer v. Northwestern R. Co.,* 116 S. C. 190, 107 S. E. 479, 480, we find this statement: "The general rule of presumptions is that a given condition, shown to have existed at a certain time, continues until the contrary is shown.  *  *  *"

We think that there was ample circumstantial evidence in this case to require the Trial Judge to submit to the jury the issue of whether the appellant was driving the automobile at the time of the accident.

The next question to be considered is whether the Trial Judge erred in refusing the motions for a nonsuit, directed verdict and judgment *non obstante veredicto* on the ground that there was no evidence of actionable recklessness or wantonness on the part of the appellant. If more than one reasonable inference can be drawn from the evidence, the case must be submitted to the jury. If, however, the evidence is susceptible of only one reasonable inference, the question is no longer one for the jury but one of law for the Court. *Green v. Bolen,* 237 S. C. 1, 115 S. E. (2d) 667. The evidence shows that the curve at which the accident occurred was a long one and there was a traffic control warning sign just before the curve was reached and which, of necessity, the automobile here had to pass. It was testified to by the highway patrolman, who investigated the accident, that the car started leaving the road at the beginning of the curve and it traveled 240 feet on the shoulder of the road, still on its wheels before it started turning. Then it traveled another 250 feet, leaving the road and knocking the top out of a pine tree 9 feet and 3 inches from the ground. After striking the tree, the car continued for 47 feet and 6 inches before coming to rest. This witness further testified that from the looks of the car and the imprints on the ground that it had turned over quite a few times. This witness, and others, testified that the automobile was totally destroyed and was smashed up on every side, even the bottom and top thereof. Considering the evidence in the light most favorable to the respondent, as must be done in passing on these motions, we think that the jury could reasonably infer that the appellant, if he were driving the car, was reckless in failing to have his car under proper control so as to be able to avoid leaving the road and overturning, and in driving at an excessive rate of speed; in failing to drive at an appropriately reduced speed when approaching and going around a curve, when warned thereof by adequate and proper signs; and further, such recklessness was the proximate cause of the injury and death of re-

spondent's intestate. The violation of at least four statutory provisions of the Code were indicated by the evidence. Sections 46-361, 46-362, 46-363, and Section 46-342 of the 1952 Code of Laws of South Carolina.

In the case of *Leek v. New South Express Lines,* 192 S. C. 527, 7 S. E. (2d) 459, 462, this Court said:

"The rule of criminal law that where circumstantial evidence is relied upon, the facts proved must be such as to preclude every other hypothesis but the guilt of the accused, does not apply in civil cases. In civil actions every other reasonable conclusion need not be excluded; proof of circumstances warranting a given inference is sufficient in such cases. Annotation, 97 Am. St. Rep., 802.

"The right to recover on circumstantial evidence for death resulting from another's negligence depends upon the reasonable and logical connection such proof establishes between the death and the negligent act alleged to have caused it. It is incumbent upon the plaintiff, in the absence of direct evidence, to show the existence of such circumstances as would justify the inference that the injury which caused the death was due to the wrongful act of the defendant, and not leave the question to mere speculation or conjecture. The facts and circumstances shown should be reckoned with in the light of ordinary experience and such conclusions deduced therefrom as common sense dictates. 16 Am. Jur. Sec. 328, Page 222. *Settle v. St. Louis & San Francisco R. Co.,* 127 Mo. 336, 30 S. W. 125, 48 Am. St. Rep. 633; *Anderson v. Asphalt Distributing Co.,* Mo. Sup., 55 S. W. (2d) 688, 86 A. L. R. 1033; *Paine v. Gamble Stores,* 202 Minn. 462, 279 N. W. 257, 116 A. L. R. 407; *Louisville Trust Co. v. Morgan,* 180 Ky. 609, 203 S. W. 555, 7 A. L. R. 396; *Leon v. Kitchen Bros. Hotel Co.,* 134 Neb. 137, 277 N. W. 823, 115 A. L. R. 1078; 20 Amer. Jur., Section 272, Page 259; 20 Amer. Jur., Section 1189, Page 1041."

The evidence for the respondent has been stated sufficiently to show that it was ample for submission to the jury upon

the issue of heedlessness and recklessness with respect to the operation of the motor vehicle. There was no error on the part of the Trial Judge in submitting the factual issues in this case to the jury.

The final question for determination is whether the Trial Judge committed error and abused his discretion in setting aside the verdict of $2,000.00 in favor of the respondent on the ground that the same was grossly inadequate.

It is now well settled that in actions for torts, a new trial may be granted by the Trial Judge in the exercise of a just and wise judgment, upon the ground that the verdict is grossly inadequate. *DePass v. Broad River Power Company et al.,* 173 S. C. 387, 176 S. E. 325, 95 A. L. R. 545.

In the case of *McKibben v. Anthony et al.,* 185 S. C. 459, 194 S. E. 446, 447, a verdict was returned for the plaintiffs in the sum of $1.00 actual and punitive damages. The plaintiffs moved for a new trial on the ground of inadequacy of damages and the motion was granted. The sole question upon appeal was whether there was error in so doing. In affirming the lower Court, it was held that the Trial Judge had the power and that it was in his discretion to grant a new trial for inadequacy of damages. This Court, in its Opinion, quoted with approval from *McDonald v. Walter,* 40 N. Y. 551, the following:

"* * * A verdict for grossly inadequate amount stands upon no higher ground in legal principle, nor in the rules of law or justice, than a verdict for excessive or extravagant amount. It is doubtless true that instances of the former occur less frequently, because it is less frequently possible to make it clearly appear that the jury have grossly erred. But when the case does plainly show such a result, justice as plainly forbids that the plaintiff should be denied what is his due, as that the defendant should pay what he ought not to be charged. * * *"

In the case of *Fuller v. Keller,* 173 S. C. 315, 175 S. E. 532, 533, we said:

"The motion for a new trial was made on the sole ground that the verdict was too small in amount to compensate the plaintiff for his personal injuries together with his pain and suffering. There was no ground urged as to prejudice, caprice, passion, or any similar reason for the finding of the verdict. The disposition of the motion for a new trial as based solely on the one ground, which is a question of fact, was wholly in the discretion of the circuit judge (*Bodie v. [Charleston & W. C.] R. Co.,* 66 S. C. 302, 44 S. E. 943), and we cannot say that his ruling constituted error of law."

The case of *Nichols v. Craven,* 224 S. C. 244, 78 S. E. (2d) 376, was an action by a motorist for personal injuries and property damages sustained in an automobile collision. A verdict of $2,500.00 was returned for the plaintiff, and upon his motion a new trial was granted on the ground of the inadequacy of the verdict. The defendant being able and willing to pay the verdict, resisted the motion and appealed to this Court from the granting thereof. It was held that the order granting the new trial was based upon facts of the case, and there being sufficient facts upon which to base such order, there was no abuse of discretion or error of law. It was also held that an order granting or refusing a new trial, based solely on an error of law, is subject to review by the Supreme Court, but when the order is based upon questions of fact, or upon both questions of law and fact, it is not appealable. This last statement is supported by the decisions in *Bowman v. Harby,* 109 S. C. 396, 96 S. E. 144, and *Sellars v. Collins et al.,* 212 S. C. 26, 46 S. E. (2d) 176.

It appears from the record that Mildred L. Fuller, the respondent's intestate, was thirty-nine years of age, with a life expectancy of 30.8 years. She left as her beneficiaries her husband and one infant daughter, nineteen months of age at the time of the collision, and in addition, two married daughters by a former marriage. It was testified that the

deceased was a good wife, a good housekeeper and a perfect mother. The husband testified that as a result of her death, that he and the baby had suffered a great loss. Based upon the foregoing testimony, the Trial Judge said: "I conclude that the verdict of the jury was grossly inadequate such as to justify and require a new trial, and a new trial is hereby granted on this one ground only."

Since the Trial Judge felt that the amount of the verdict was inadequate, he was empowered to set it aside and grant a new trial. This was a matter that was addressed to his sound discretion, and having found as a fact that the verdict was grossly inadequate, and there being sufficient facts upon which to base such order, there was no abuse of discretion nor error of law committed.

The judgment of the lower Court is affirmed.

STUKES, C. J., and TAYLOR, OXNER and LEGGE, JJ., concur.