**William STEWART, Plaintiff,**

v.

**Dan Jack COMBS, Defendant.**

**Civ. A. No. 3043.**

United States District Court
W. D. South Carolina,
Spartanburg Division.

June 26, 1962.

J. Bruce Foster, Odom, Nolen & Foster, Spartanburg, S. C., Uzzell & DuMont, Asheville, N. C., for plaintiff.

Carlisle, Brown & Carlisle, W. S. Sandifer, Spartanburg, S. C., for defendant.

WYCHE, Chief Judge.

This is an action to recover damages for personal injuries sustained by the plaintiff while riding as a guest passenger in the automobile of the defendant. The right to recover is governed by the South Carolina Guest Statute, Section 46–801, Code of Laws of South Carolina, 1952.

This case was tried before me without a jury.

In compliance with Rule 52(a), Rules of Civil Procedure, 28 U.S.C.A., I find the facts specially and state my conclusions of law thereon, in the above cause, as follows:

## FINDINGS OF FACT

1. On September 14, 1960, the defendant, a resident of Pikeville, Kentucky, was involved in an automobile collision outside Asheville, North Carolina, where the plaintiff resides. The defendant proceeded to the home of the plaintiff, who had long been a friend of the defendant. The following evening, after the defendant had obtained a new automobile, the defendant requested the plaintiff to accompany him to Sumter, South Carolina. Starting late in the evening, the plaintiff drove the automobile from Asheville, North Carolina, to Greenville, South Carolina, where the plaintiff, becoming sleepy, suggested to the defendant that they should stop and go to a motel. The defendant assured the plaintiff that he was not sleepy and that he was all right. Upon this assurance, the plaintiff relinquished control of the automobile to the defendant.

2. The plaintiff went to sleep on the back seat of the automobile shortly after leaving Greenville, and does not remember anything further until the collision.

3. The defendant became sleepy and tired shortly after he started operating the automobile and began to look for a motel. The defendant was not familiar with the area and continued to drive while sleepy and tired even though hazardous weather conditions existed. The defendant disregarding his tired and sleepy condition, and even though he had previously dozed off almost causing the automobile to go off the highway, according to his subsequent statement to the

plaintiff, continued on down the highway looking for a motel or hotel until he again dozed off and suddenly realized that he had left the highway and was about to strike a bank, causing the automobile to turn over.

4. The plaintiff had no reason to believe or suspect that the defendant was sleepy, drowsy or tired or was not in complete possession of his faculties before the accident occurred, nor did he know of any fact or circumstance indicating that the defendant had become sleepy and drowsy and that the defendant nevertheless was about to continue driving after having previously dozed off and experienced other whispered warnings and symptoms of sleep.

5. The plaintiff was not guilty of contributory negligence or contributory recklessness, wilfullness or wantonness.

6. The defendant was reckless and heedless in continuing to operate his automobile after he was conscious of being sleepy and tired and after having previously dozed. The defendant was also reckless and heedless in operating his automobile while in a sleepy condition in view of his lack of familiarity with the area and the hazardous weather conditions which existed at that time. Such recklessness and heedlessness was the proximate cause of the injuries and damages of the plaintiff.

7. As a result of the accident, the plaintiff was thrown violently against the back of the front seat, became wedged between the front and back seats while on the floor of the automobile as a result of which he was knocked unconscious and suffered considerable pain; when he arrived at the hospital, he alternated between consciousness and unconsciousness; he was suffering from concussion, a severe laceration to the left scalp, a tear of the musculotendinous cuff of the right shoulder, and aggravation of a pre-existing lumbo-sacral condition, and other injuries, including severe laceration to the right elbow and widespread abrasions and contusions.

8. Plaintiff was taken to Blalock Clinic in Clinton, South Carolina, where he remained for one and one-half days. Plaintiff's head was sutured and his shoulder and neck were x-rayed. He was released to the care of his personal physician. The plaintiff consulted a doctor in Pikeville, Kentucky, and was treated by him for approximately ten days. Since that time the plaintiff has been under the continuous care of a doctor in Asheville, North Carolina. Plaintiff continues to suffer considerable pain in his right shoulder, arm and back, especially during cold and rainy weather, and more especially after periods of physical activity; because of the pain and disability, plaintiff could not continue in his occupation as a lumber inspector. Plaintiff suffered permanent injuries as follows: A severe tear of the musculotendinous cuff of the right shoulder, which controls the use of the right arm, an aggravation of an existing lumbo-sacral condition, and disfiguring scars of face and arm. The plaintiff had suffered, is still suffering and will continue to suffer considerable pain by reason of the injuries received in the accident.

9. Plaintiff has incurred hospital and doctor bills and will continue to incur doctor bills.

10. The plaintiff lost forty-nine weeks' wages immediately following the collision and upon returning to work received a smaller wage than he had received prior to the collision. Before the collision the plaintiff had been a strong person and was exceptionally qualified in his line of work for which he had received specialized training. The plaintiff is presently unemployed due to his inability to perform the type of work in which he has been employed. Plaintiff will continue to incur a substantial loss of income as a result of this collision, as he is permanently disabled from performing duties of a lumber inspector.

11. Plaintiff is entitled to recover Twenty Five Thousand ($25,000.00) Dollars, actual damages against the defendant.

### CONCLUSIONS OF LAW

1. The jurisdiction in this case is founded upon diversity of citizenship, the

plaintiff being a resident of Asheville, North Carolina, and the defendant a resident of Pikeville, Kentucky. The collision occurred near Clinton, South Carolina, and the defendant was served pursuant to Section 10–431, South Carolina Code of Laws, 1952, which is the non-resident motorist statute. The defendant appeared generally and answered the complaint upon the merits.

■ 2. In this case the evidence shows that the defendant violated Sections 46–363 and 46–342, Code of Laws of South Carolina, 1952. Fuller v. Bailey, 237 S.C. 573, 118 S.E.2d 340; Wade v. Dargan (D.C.W.D.S.C.), 195 F. Supp. 1.

■ ■ 3. Plaintiff under the facts of this case was not required to anticipate negligence or recklessness on the part of the defendant; in the absence of any fact or circumstance indicating that the driver is incompetent or careless, an occupant of a vehicle is not required to anticipate negligence on the part of the driver; in the absence of any fact or circumstance indicating the contrary, a passenger need not anticipate that the driver, who has exclusive control and management of the vehicle, will enter a sphere of danger, omit to exercise proper care, to observe warning signals, or fail to keep the speed of the vehicle within proper limits, or otherwise improperly increase the common risks of travel. Cummings v. Tweed, 195 S.C. 173, 10 S.E.2d 322.

4. The plaintiff was not guilty of contributory negligence or contributory recklessness by, and when, riding with the defendant in his automobile.

5. The defendant was heedless and reckless in failing to maintain a proper lookout and in failing to have his car under proper control so as to be able to avoid leaving the road and turning over and in continuing to drive after having previously dozed off and in disregard of other premonitions, warnings and other manifestations of approaching sleep. Harper v. Harper, 225 N.C. 260, 34 S.E. 2d 185 (North Carolina Supreme Court construing South Carolina Guest Passenger Statute); 28 A.L.R.2nd 1.

6. In this case the greater weight of the evidence is such as to establish heedlessness and recklessness of the defendant in the operation of his automobile to satisfy the requirements of the South Carolina statute. Fuller v. Bailey, 237 S.C. 573, 118 S.E.2d 340; Meek v. Harris (C.A.4), 256 F.2d 579. It is sufficient to require me to find as a matter of fact that the defendant was negligent and reckless in that degree which permits a recovery by a guest under the laws of South Carolina. Hardigg v. Inglett (C.A.4), 250 F.2d 895.

■ 7. Plaintiff, therefore, in my opinion is entitled to judgment against the defendant in the total sum of Twenty Five Thousand ($25,000.00) Dollars, actual damages.