17724

J. D. WILLIAMS, Appellant, v. Eugene KALUTZ, Respondent
(117 S. E. (2d) 591)

*Messrs. McKay, McKay, Black & Walker,* of Columbia, *for Appellant,*

*Messrs. Nelson, Mullins & Grier,* of Columbia, *for Respondent,*

December 12, 1960.

Oxner, Justice.

This is an action to recover damages for personal injuries alleged to have been sustained by a pedestrian from the impact of an automobile while crossing a street inter-

section. Trial by jury resulted in a verdict for defendant. From the judgment entered thereon, the plaintiff has appealed. The major question presented is whether the Court erred in refusing to peremptorily instruct the jury that the undisputed evidence showed liability on the part of defendant, leaving open only the question of damages. The trial Judge submitted to the jury both the issue of negligence on the part of defendant and that of contributory negligence on the part of the plaintiff.

The accident occurred on October 21, 1957, about two o'clock on a clear afternoon, at the intersection of Hampton and Assembly Streets in the City of Columbia. Assembly Street, which is about 100 feet wide, runs north and south. Except at the intersections, there is a cement "island" running through the middle of the street which separates north and southbound traffic. There are five lanes on each side between the curb and the median. The lanes next to the curbing and the median are used for parking, leaving three traffic lanes between the two parking lanes. Hampton Street runs east and west. The testimony does not show its width but it is not as wide as Assembly Street. There are traffic lights at this intersection.

Plaintiff, appellant here, is a man in his early fifties. He was formerly a railroad postal clerk but became disabled as a result of injuries sustained in several train accidents. His locomotion was impaired. On the day in question he walked to the northeastern corner of the intersection and after waiting for the light to change to green proceeded westerly on a marked crosswalk with the intention of getting his car which was parked on the other side of Assembly Street. Defendant, respondent here, was traveling east on Hampton Street. When he reached the southwest corner of the intersection, the traffic light was green. He proceeded across the western side of Assembly Street, intending to make a left turn and go north on Assembly. Before completing his turn, he had to stop for cars going westerly across Assembly Street. As soon as the light changed to green

so as to give the Assembly Street traffic the right of way, he started his car. When he had proceeded only a very short distance, plaintiff came in contact with his right front fender. At this time plaintiff was in the crosswalk and had reached a point about two-thirds the distance across the eastern side of Assembly Street.

Plaintiff testified that when he reached the third traffic lane, he saw a car "cutting the corner" at a "terrific" speed, that to avoid being hit he "stepped back", and "I put out my hands and hit my wrist on his right front fender, and it knocked me up in the air." He says he "was probably over halfway in the path of the car when I saw it coming", but declined to estimate how far away defendant's car was at that time. He admits he did not fall but says his "right leg gradually gave away" and that he sat down on the street at the point of the impact. According to him, the defendant's car traveled about two car lengths after the accident.

Plaintiff's testimony is contradicted to some extent by one of his own witnesses who testified that defendant's car was not going fast and only traveled about five feet after the accident.

Defendant testified that he entered the intersection from Hampton Street on a green light; that there was only the normal amount of traffic; that as he crossed the western side of Assembly Street, he gave a hand signal of intention to make a left turn; that he stopped near the middle of the street to permit traffic going west on Hampton Street to pass; that after the light changed he turned left to go north in the traffic lane on Assembly nearest the median, traveling only five or ten miles an hour; that as he made this turn, he "heard a noise against the side of his automobile", immediately looked back and saw the plaintiff standing in the street; and that he stopped within four or five feet. He says he then moved his car out of the traffic and offered assistance to plaintiff. He admitted that he

never saw plaintiff prior to the accident and said the dust marks on his car indicated that the impact occurred on "the right front fender about halfway back." He denied that his automobile struck the plaintiff, stating, "I wouldn't say my automobile struck Mr. Williams as much as it would be that Mr. Williams put out his hands and hit my automobile." It seems to be conceded that the automobile never touched plaintiff's body.

Plaintiff claims that his preexisting physical condition was considerably aggravated by the impact. There is other testimony to the effect that his injury, if any, was only trivial.

It must be conceded that plaintiff had the right of way. Section 46-306 of the 1952 Code. But although preferred by the statute, he was not relieved of the duty of exercising ordinary care for his own safety. *Sims, Administrator v. Eleazer,* 116 S. C. 41, 106 S. E. 854, 24 A. L. R. 1293; *Branham v. Wolfe Transportation Co.,* 170 S. C. 164, 169 S. E. 889; *Lawter v. War Emergency Co-operative Association,* 213 S. C. 286, 49 S. E. (2d) 227; *Gillespie v. Ford,* 222 S. C. 46, 71 S. E. (2d) 596; *Smith v. Canal Insurance Co.,* 228 S. C. 45, 88 S. E. (2d) 780; *Carma v. Swindler,* 228 S. C. 550, 91 S. E. (2d) 254. In a concurring opinion in *North State Lumber Co. v. Charleston Consolidated Railway & Lighting Co.,* 115 S. C. 267, 105 S. E. 406, 408, it was stated: "The erroneous notion seems to be prevalent that, if one has the right of way, as it is called, he may proceed without regard to circumstances, conditions, or consequences. Even when one has the right of way, he is still bound to exercise due care for his own safety, and to prevent injury to others."

In line with the foregoing authorities, it has been rather uniformly held that the fact that a pedestrian having the right of way is in a marked crosswalk when injured does not necessarily show freedom from contributory negligence. The question is generally one of fact

for determination by a jury. Annotations 96 A. L. R. 786; 164 A. L. R. 269; 5A Am. Jur., Automobiles and Highway Traffic, Sections 756, 760 and 761. Of course, the preferential status of such pedestrian is a circumstance to be considered by the jury in determining whether or not he is guilty of contributory negligence.

In passing upon the question of whether the Court should have directed a verdict for plaintiff on the issue of liability, the testimony and all reasonable inferences to be drawn therefrom must be considered in the light most favorable to defendant and any doubt or uncertainty as to the conclusions to be drawn therefrom must be resolved in his favor. *Green v. Bolen,* S. C., 115 S. E. (2d) 667.

In the light of the foregoing principles, we do not think it can be said as a matter of law that plaintiff was free from contributory negligence. It may be reasonably inferred from the testimony that while defendant was making a left turn with nothing ahead in his path, at a speed of about five or ten miles an hour, plaintiff blindly walked into the front side of his car, and that such a slowly moving car should have been observed by plaintiff in time to have avoided the impact.

*Beck v. Dye,* 200 Wash. 1, 92 P. (2d) 1113, 127 A. L. R. 1022, involved facts similar in many respects. This was a suit by a pedestrian to recover damages for personal injuries sustained when she came in contact with the right side of defendant's car as she was crossing a street within a crosswalk on a green light. The Court held that it was for the jury to determine whether she was guilty of contributory negligence.

Having concluded that the issue of contributory negligence was properly submitted to the jury, it follows that there was no error in the refusal of a peremptory instruction to the effect that the defendant was liable. It is, therefore, unnecessary for us to determine whether the evidence conclusively shows negligence on the part of defendant.

The remaining exceptions relate to the order of the Court refusing plaintiff's motion for a new trial. It is contended that this order was based upon the ground that the jury could have concluded that plaintiff sustained no damage when in fact the undisputed evidence was to the contrary. But the order was also based upon the ground that the evidence reasonably supported a conclusion of no liability. Certainly it cannot be said that there was an abuse of discretion in refusing the motion on the ground last mentioned.

Affirmed.

STUKES, C. J., and TAYLOR, LEGGE and Moss, JJ., concur.