## 18366

Willie Lee WILLIAMS, Respondent, v. Thomas Carlisle WILLIAMS and Francis Williams, d/b/a Williams Motors, and One 1956 Ford, 1963 License D-314079, of Whom Francis Williams, d/b/a Williams Motors, is Appellant.

(142 S. E. (2d) 858)

*Messrs. Belser, Belser & Baker,* of Columbia, and *R. Milo Smith,* of Lexington, *for Appellant,*

*Messrs. E. Pickens Rish* and *Lever & Shealy,* of Lexington, *for Respondent,*

*Messrs. Belser, Belser & Baker,* of Columbia, *for Appellant, in Reply,*

June 17, 1965.

TAYLOR, Chief Justice.

This appeal arises out of an action instituted against Appellant, Francis Williams, d/b/a Williams Motors, and Thomas Carlisle Williams and one 1956 Ford to recover for personal injuries and property damages sustained as a result of an automobile accident on February 2, 1963.

The defendant automobile was owned by one Everette Berry and had been delivered to Appellant's business establishment the day before for certain repairs. At the time of the collision, said automobile was being driven by defendant, Thomas Carlisle Williams. It is alleged in the complaint that "at the time and place in question, the defendant, Thomas Carlisle Williams, was acting within the scope of his authority and in the course of his employment as agent and servant" of Appellant, and that Respondent's injuries and damage were caused by the "negligence, gross negligence, willfulness, wantonness and unlawful acts of the Defendant, Thomas Carlisle Williams, the agent and servant" of Appellant.

Answer was filed denying the allegations of the complaint, asserting the defense of contributory negligence and alleging that the defendant, Thomas Carlisle Williams was not acting as agent, servant or employee of Appellant or within the scope of his employment at the time of the accident.

The case was tried on April 21, 1964, by the Honorable William L. Rhodes and a jury, which returned the following verdict:

"We find for the plaintiff Five-Hundred and no one Hundred Dollars ($500.00) actual damages, and Five Thousand and no one Hundred Dollars ($5,000.00) punitive damages against the defendants, Thomas Carlisle Williams and (1) 1956 Ford only."

Respondent thereafter moved for a new trial on the grounds that the award of actual damages by the jury against Appellant's codefendants was inadequate, that the verdict as to agency was against the weight of the evidence, and that the Court should have ruled as a matter of law that the defendant, Thomas Carlisle Williams, was an agent of Appellant.

After argument and submission of briefs, Judge Rhodes, in his Order of October 2, 1964, held that "the testimony

concerning the question of agency and whether or not Thomas Carlisle Williams was acting, at the time of the accident, within the scope of his agency and employment, was sufficiently conflicting that as a matter of law the issue was one for the determination of the jury" and as to this point the motion for a new trial was "herewith denied and overruled." He further held that a new trial should be granted on the grounds of inadequacy of the damages awarded Respondent by the jury in its verdict against the defendant, Thomas Carlisle Williams and the defendant automobile, and that the granting of a new trial upon the grounds of inadequacy of damages required a new trial against all defendants in the action, including Appellant, even though no award or verdict against Appellant has been given by the jury. The verdict of the jury was accordingly ordered to be set aside and Respondent granted a new trial *de novo* as to all parties-defendant.

The appeal is from so much of the aforesaid Order as granted Respondent a new trial as to Appellant.

The Trial Judge has inherent power to award a new trial and is necessarily vested with wide discretion in deciding whether the verdict of the jury should be permitted to stand. However, the exercise of such discretion is not absolute and it is the duty of this Court, in a proper case, to review and determine whether there has been an abuse of discretion, amounting to error of law. *Weatherford v. Home Finance Co.,* 225 S. C. 313, 82 S. E. (2d) 196; *Evatt v. Campbell,* 234 S. C. 1, 106 S. E. (2d) 447. It is well settled that a new trial may be granted upon the grounds that the verdict is inadequate. *DePass v. Broad River Power Co.,* 173 S. C. 387, 176 S. E. 325, 95 A. L. R. 545. In instant case Appellant, however, does not question the right of the Trial Judge to grant a new trial as to his codefendants on the grounds of inadequacy of the damages awarded by the jury, but, rather, contends that the Trial Judge should have granted a new trial as to the codefendants and permitted the verdict to stand as to Appellant and that his failure to do so was error.

In *Webber v. Town of Jonesville,* 94 S. C. 189, 77 S. E. 857, it was said that "\* \* \* While it is true that the liability of tort feasors is joint and several, and all, or any one or more of them, may be sued in the same action, and a recovery may be had against all, or any one or more of those who are joined as defendants; or, the plaintiff may bring several actions and recover several judgments against them, as he may elect, and he may even recover different amounts against them, and while it may also be true that the court has the power to set aside a verdict as to one or more of the defendants and allow it to stand as to the others when they are sued jointly, nevertheless we think this should be done, when the verdict is joint, only where it is reasonably certain that no injustice will result to the defendant or defendants against whom the verdict is allowed to stand. The discretionary power of granting new trials should always be exercised so that injustice will not be done, if it can be avoided."

Here the jury's verdict was against the defendant automobile and the alleged servant or agent defendant and not against the alleged employer Appellant; this had the effect of exonerating Appellant of all liability. Such verdict was considered to be proper by the Trial Judge, except as to the adequacy of the actual damages awarded. The granting of a new trial in order to do justice does not of necessity require a trial *de novo* as to all defendants. See *Nichols v. Craven,* 224 S. C. 244, 78 S. E. (2d) 376.

We are of opinion that the Trial Judge was in error in granting a new trial as to Appellant, that the jury's verdict in favor of Appellant should not be disturbed as it was not an inadequate verdict but an exoneration of liability as to Appellant; that the Order appealed from should be modified in comformity with the above; and it is so ordered. Modified.

MOSS, LEWIS, BUSSEY and BRAILSFORD, JJ., concur.