18499

Mrs. Margaret P. CLAWSON, Respondent, v. The CITY OF SUMTER, and James Blanding Richburg, of which the City of Sumter is, Appellant.

(148 S. E. (2d) 350)

*C. M. Edmunds, Esq.,* of Sumter, *for Appellant,*

*Messrs. Richardson & James,* of Sumter, *for Respondent,*

May 5, 1966.

LEWIS, Justice.

The plaintiff sustained injuries in a collision between the automobile, driven by her, and a truck of the defendant City of Sumter, driven by its agent, the defendant Richburg. This action, brought against the City and the driver of its truck to recover the damages sustained by plaintiff, resulted in a judgment in her favor against both, from which only the City has appealed.

The sole question presented by the exceptions is whether the trial judge erred in refusing to direct a verdict for the defendant upon the ground that the evidence conclusively showed contributory negligence on the part of plaintiff so as to bar her of recovery.

This action was brought against the defendant City under Section 47-71 of the 1962 Code of Laws. The plaintiff was required under this statute to allege and prove that her injury was not brought about by her own negligence and that she did not negligently contribute thereto. The determination of such issue is governed by the established principle that, if more than one reasonable inference can be drawn thereabout from the evidence, viewed in the light most favorable to the plaintiff, the question of contributory negligence is one of fact for the jury to determine. *Rowland v. Town of Dillon,* 188 S. C. 408, 199 S. E. 525.

The collision occurred about 11 A. M., on June 21, 1964, near the City of Sumter, at the intersection of Highways 120 and 763. Highway 120 is a through highway and traffic entering it from Highway 763 is required to stop in obedience to a posted stop sign. The intersection is located on a curve in Highway 120 and is described as "confusing" to a motorist. However, we are unable to determine from the record the exact physical layout of the area.

On the occasion in question, as plaintiff was proceeding south on the through highway at a reasonable speed, the defendant's truck was driven from a nearby parking lot into Highway 763 and travelled thereon, in an easterly direction, a distance of approximately 75 feet before entering the intersection directly into the path of plaintiff's automobile. The brakes of neither vehicle were applied. Both drivers testified that they were looking ahead but did not see the the other. However, there were swerve marks on the pavement for an undetermined distance, made by the tires of plaintiff's automobile immediately before the collision. There was nothing in the area adjacent to the intersection to obstruct the view of either driver. The defendant's driver said that he failed to see plaintiff's car before he entered the intersection because of the momentary obstruction of his view by the side mirror on his truck.

No issue is made as to the respective rights and duties of motorists on entering the intersection of a favored and unfavored highway. The governing legal principles are set forth in the cases of *Lynch v. Pee Dee Express,* 204 S. C. 537, 30 S. E. (2d) 449 and *Lawter v. War Emergency Cooperative Ass'n,* 213 S. C. 286, 49 S. E. (2d) 227; and need not be repeated here.

Defendant's contention that plaintiff was barred from recovery by her own contributory negligence is based primarily on her testimony that she was looking ahead but did not see the defendant's truck until the impact. It is argued that this testimony conclusively showed that plaintiff was

not keeping a proper lookout because she failed to see defendant's truck which was clearly visible.

The statement of the plaintiff, that she was looking ahead but did not see the defendant's truck until the collision, cannot be isolated from the other testimony, but must be considered in the light of all the facts and circumstances in evidence, including the reasonable inferences to be drawn as to the suddenness of the entry of defendant's truck into the "confusing" intersection. When the defendant's vehicle entered the intersection from the unfavored highway, it had been driven a distance of only about 75 feet on the unfavored highway after entering it from a nearby parking lot. The evidence was sufficient to sustain the inference that the driver of defendant's truck, after driving this short distance on the unfavored highway, did not stop at the intersection as required by law and, if he did, that he failed to then yield the right-of-way and suddenly drove into the path of plaintiff's car which was so close to the intersection as to constitute an immediate hazard, in violation of the terms of Section 46-423 of the 1962 Code of Laws. Such conduct on the part of the defendant's driver would reasonably explain the failure of plaintiff, although looking, to see or anticipate the entry of defendant's vehicle into the intersection until too late to avoid the collision.

The trial judge properly submitted the issue of plaintiff's contributory negligence to the jury.

Affirmed.

Moss, Acting C. J., Bussey and Brailsford, JJ., and Legge, Acting Associate Justice, concur.