19587

Oley Milton WARD, Respondent, v. Joseph Anthony ZELINSKI, Appellant

(195 S. E. (2d) 385)

*Messrs Burroughs, Green & Sasser,* of Conway, *for Appellant,*

*Messrs. Rankin & Johnson,* of Conway, *for Respondent,*

March 15, 1973.

Moss, Chief Justice:

This action was brought by Oley Milton Ward, the respondent herein, against Joseph Anthony Zelinski, the appellant herein, to recover damages for personal injuries allegedly suffered by him as a result of a collision between the truck which he was driving in a northerly direction on U. S. Highway 301, near the town of Manning, and an

automobile driven by the appellant, also traveling in a northerly direction on said highway.

The respondent, in his complaint alleged that as he was operating a truck in a northerly direction on U. S. Highway 301, the appellant drove his Chevrolet automobile from a private driveway or road onto the highway into the path of his truck, in violation of Section 46-424 of the Code; that he failed and refused to keep a proper lookout for the respondent and others using said highway; and that he failed to yield the right-of-way to the respondent who was approaching on a through highway. It is further alleged that the respondent suffered personal injuries and such were proximately caused by the negligent and reckless acts of the appellant.

The appellant, by answer, interposed (1) a general denial; (2) that the respondent's injuries were proximately caused by his own negligence and recklessness; and (3) the respondent's contributory negligence and recklessness. The appellant filed a counterclaim alleging damages to his automobile and that such were proximately caused by the negligence and recklessness of the respondent.

This came on for trial before the Honorable Claude M. Epps, Presiding Judge of the Civil and Criminal Court of Horry County, and a jury, at the 1972 February term of said Court, and resulted in a verdict in favor of the Respondent.

At appropriate stages of the trial, the appellant made a motion for a directed verdict in his favor and, after the verdict, for judgment *non obstante veredicto* or in the alternative for a new trial. These motions were refused and this appeal followed.

The questions raised by the exceptitons of the appellant are: (1) was there any evidence from which the jury could draw the inference that the appellant was guilty of negligence and that such was a proximate cause of the injuries

to the respondent and (2) was the respondent guilty of contributory negligence as a matter of law.

The question of whether or not there was error in refusing the motions of the appellant for a directed verdict, judgment *non obstante veredicto,* and alternatively for a new trial, requires us to consider the testimony and the reasonable inferences to be drawn therefrom in a light most favorable to the respondent. If more than one reasonable inference can be drawn from the evidence, the case must be submitted to the jury. However, if the evidence is susceptible of only one reasonable inference, the question is no longer one for the jury but one of law for the Court. Ordinarily, contributory negligence is an issue for the jury and it rarely becomes a question of law for the Court. *Bruno v. Pendleton Realty Co., Inc.,* 240 S. C. 46, 124 S. E. (2d) 580.

The respondent testified that he was driving a truck pulling a forty-foot double decker livestock trailer loaded with hogs, and was traveling in a northerly direction on U. S. Highway 301, at a speed of about 45 miles per hour as he was approaching the Ramada Inn on his right. He also testified that when he was about 100 feet south of the Ramada Inn driveway, the appellant drove out of said driveway and into the highway immediately in front of him and proceeded in a northerly direction. The respondent said that in an attempt to avoid colliding with the appellant, he locked his truck and trailer brakes down, turned to the right, and ran off of the highway, striking the right rear of the appellant's automobile. He says this bent the bumper of his truck causing him to lose control thereof and to overturn in the highway. He further testified that the collision took place "about halfway from the driveway to the end of the motel", but he didn't "know how many feet it is". Later on cross examination, he acknowledged that in a prior deposition that he had stated that the distance from the Ramada Inn driveway to the point of impact with the car of the appellant was about 20 feet. Under further cross

examination, the respondent was positive in his statement that the appellant had traveled about 20 feet from the driveway when the collision took place. The respondent testified that he was too close to the appellant's vehicle when it entered the highway, to avoid colliding with it.

Two witnesses in behalf of the appellant, testified that they were changing a tire on an automobile some 600 feet north of the Ramada Inn driveway and that the collision between the truck and the automobile occurred some 350 to 400 feet north of where they were.

There was testimony given by a Highway Patrolman that the collision between the two vehicles took place some 900 feet north of the Ramada Inn driveway in the appellant's lane of travel.

The appellant and the members of his family testified that they were on their way to Florida and were driving south on U. S. Highway 301 and were looking for a Quality Motel in which to spend the night. They said that when they were about one half to one mile from where the collision occurred, they turned around and were driving in a northerly direction on said highway at a speed of about 35 miles per hour, looking for a Quality Motel. They further testified that they never entered the premises of the Ramada Inn nor did they come onto U. S.Highway 301 from the driveway thereof. The appellant testified that the respondent struck the rear of his vehicle and he thereafter drove his car about 100 feet coming to rest at the I-95 overpass north of the Ramada Inn. There was testimony that this overpass was 1324 feet north of the Ramada Inn driveway.

We deem it unnecessary to further review the testimony. The evidence in this case is contradictory. The appellant denies that he drove his automobile onto the highway from the Ramada Inn driveway, and the testimony of the respondent is to the contrary. The testimony in behalf of the appellant is that his car was struck from the rear by the respondent's truck some 900 or more feet north of the Ra-

mada Inn driveway. The respondent's testimony thereabout, viewed in the light most favorable to him, was that the collision took place about 20 feet north of the driveway and that he was too close to the appellant's vehicle when it entered the highway to avoid colliding with it. We conclude that it was the duty of the trial judge to submit these disputed issues of fact to the jury since more than one reasonable inference could be drawn therefrom.

It is provided in Section 46-424 of the 1962 Code of Laws, that:

"The driver of a vehicle about to enter or cross a highway from a private road or driveway shall yield the right-of-way to all vehicles approaching on such highway."

The testimony of the respondent indicates the violation by the appellant of the foregoing statute. It was the duty of the appellant, when and if he was driving onto U. S. Highway 301 from the Ramada Inn driveway, to be vigilant, watchful, and to anticipate and expect the presence of other vehicles upon the said highway. It was his duty to ascertain whether the highway was clear so that he could enter the same without interfering with the use thereof by vehicles approaching on such highway.

In the case of *Spencer v. Kirby*, 234 S. C. 59, 106 S. E. (2d) 883, we said:

"One about to enter upon a highway from a driveway or private road would not be required to wait unreasonably upon an oncoming vehicle traveling slowly and approaching from a great distance; but the requirement to 'yield' alerts one to possible danger and requires the use of one's senses to apprehend that possible danger. Under certain circumstances, it may be incumbent upon one to stop before entering the highway while under other circumstances a slowing down would be sufficient to 'yield' to oncoming traffic; and conceivably, under different circumstances, one might 'yield' without even slacking his then speed, but under any and all circumstances, he would be required to exercise such care

as a reasonable and prudent person would exercise under such circumstances. The circumstances of each case must govern, and this ordinarily becomes a question for the jury".

It was for the jury to say whether the appellant exercised such care as an ordinary, reasonable person would have exercised under the circumstances before entering upon the highway without regard for the safety of others in violation of Section 46-424 of the Code, which would constitute negligence *per se,* and, if so, whether or not such negligent act contributed as a proximate cause to the injury. *Green v. Sparks,* 232 S. C. 414, 102 S. E. (2d) 435.

It is our conclusion that there was no error in submitting to the jury the negligence of the appellant and the contributory negligence of the respondent. If the verdict of the jury was against the great preponderance of the evidence, that is no ground for reversal on appeal to this Court. Only the trial judge has authority to grant a new trial on this ground, which was not included as a ground of the motion for a new trial.

The exceptions of the appellant are overruled and the judgment below is,

Affirmed.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.