20464

Marilee C. MORRIS, Appellant, v. John T. BARRINEAU, Jr., Marine Center, Incorporated, and National Trailer Manufacturing Corporation, Respondents.

(236 S. E. (2d) 409)

*Ellis I. Kahn* and *Raymond S. Baumil, of Solomon, Kahn, Roberts and Smith,* Charleston, *for Appellant,*

*Edward D. Buckley and Mark H. Wall,* of *Bailey and Buckley, Charleston,* for *Respondent, National Trailer Manufacturing Corporation,*

*Burnet R. Maybank of Maybank and Manucy,* and *Robert A. Patterson of Barnwell, Whaley, Stevenson and Patterson,* Charleston, and *John T. Barrineau, Jr., Marine Center, Incorporated,* for *Respondents,*

July 12, 1977.

RHODES, Justice:

In November, 1973, the plaintiff Marilee C. Morris brought this action for personal injuries sustained while she was a passenger in the vehicle driven by her husband. The defendants are (1) John T. Barrineau, Jr., the driver of a motor vehicle which was pulling a boat and trailer, (2) Marine Center, Incorporated, which sold the boat and trailer to Barrineau, and (3) National Trailer Manufacturing Corporation, which manufactured the trailer.

The complaint sets forth three causes of action: negligence, breach of warranty, and strict liability in tort. Negligence is alleged as to all three defendants, and breach of warranty and strict liability in tort as to the Marine Center and National Trailer Manufacturing.

The complaint alleged that the plaintiff was a passenger on the right front seat of her husband's Cadillac on April 22, 1973, when the defendant Barrineau was driving his automobile in the same direction on the same roadway behind the Cadillac. He was pulling a boat and trailer and was in the process of passing the Cadillac on its right side. Barrineau's vehicle collided with the side of the Cadillac in which the plaintiff was riding, causing her to be thrown in the direction of her husband who was driving, and causing her personal injuries.

The complaint charged Barrineau with improper speed, failing to apply brakes, driving under the influence, and other reckless and careless conduct.

The complaint further submitted that Marine Center, the seller, did not give proper warnings and instructions to the

defendant Barrineau as to the boat and trailer rig, and alleged that the lugs on the trailer were not properly tightened.

Plaintiff also alleged that National Trailer Manufacturing did not affix a label to the trailer and provide proper instructions and warnings concerning the final assembly and outfitting of the boat and trailer.

Each of the three defendants interposed a general denial, plus other defenses unnecessary to recite for the purpose of discussing the issues here involved.

The case came to be tried before the Honorable Clarence E. Singletary, circuit judge, and a jury in Charleston in July, 1975. The judge granted an involuntary nonsuit as to National Trailer Manufacturing Corporation and submitted to the jury the issue of liability as to the defendants Barrineau and Marine Center. The jury exonerated Marine Center and found a verdict in the amount of $3,000 actual damages in favor of the plaintiff against defendant Barrineau only.

The plaintiff has appealed and submits that a new trial should be granted against all the defendants. The questions presented to the court, as taken from plaintiff's brief, are as follows:

"I. Did the Court Err in Directing an Involuntary Non-Suit on Behalf of Defendant National Trailer Manufacturing Corporation?

II. Did the Court Err in only Partially Charging the Jury on the Issue of Joint and Concurring Negligence?

III. Did the Court Err in Not Charging that a Proper Element of Damages Would Include Compensation for the Bodily Impairment or Disability *per se* and for the Non-Pecuniary, Non-Pain Aspects of the Disabled Condition?

IV. In Light of Plaintiff's Several Weeks of Hospitalization, Permanent Disability, Substantial Lost Income, Pain and Suffering, and Limitations on Her Ability to Enjoy

Life, with a verdict of $3,000.00, Did the Court Err in Not Granting Plaintiff's Motion for Judgment N.O.V., or in the Alternative, for a New Trial?"

A review of the whole of the evidence convinces us that a jury issue was not presented as relates to the complaint against defendant National Trailer Manufacturing Corporation. The order of nonsuit was made on sound principles of law. A recitation of the facts applicable to these principles of· law would serve no precedential value and we find no error of law. Accordingly, the first question is disposed of under Rule 23 of our Rules of Practice.

The charge of the law to the jury as to joint and concurring negligence and as to compensation for disability, *per se,* was adequately covered in the judge's general charge. The fact that the judge did not charge the law in the language requested is not ground for a new trial when the charge, considered as a whole, covers the principles of law applicable to the facts in the case. We find no error.

In question four, the plaintiff contends that the trial judge abused his discretion in failing to grant her motion for a new trial based on the inadequacy of the verdict. We discussed the law relative to a judges duty to grant a new trial when the verdict is inadequate or excessive in the recent case of *Toole v. Toole,* 260 S. C. 235, 195 S. E. (2d) 389 (1973).

Evidence adduced at the trial shows that the plaintiff, Mrs. Morris, was thirty-four (34) years old, married, and a college graduate at the time of the trial. She had two children. Mrs. Morris went into sales work in 1968 and within a short time she was earning approximately $250.00 per week in commissions. Later she went into direct sales of technical educational courses to individuals. The uncontroverted testimony is that during the year 1972 her net income from this employment was $28,000.

The automobile collision with which this case is involved occurred on April 22, 1973. From January 1 to April 22, 1973, Mrs. Morris had already earned $7,200. During this period she was also doing extensive bookkeeping for rental property and other enterprises owned by her and her husband. The physical activity required by Mrs. Morris in her work involved extensive driving and other physical exertion attendant upon house-to-house selling. Her compensation was derived solely from her commissions on sales.

The plaintiff testified in detail concerning her physical condition nad her limitations after the collision. It is uncontradicted that her health was excellent prior to the collision. She was hospitalized a total of six weeks and spent additional weeks in bed at home during most of which time she was in traction. At the time of the trial, slightly more than three years after the date of her injury, she was still complaining of pain and the disability resulting from it. A neurosurgeon testified that the injury to her back would trouble her for the rest of her life. She is unable to perform her former sales employment, although she does continue to do bookkeeping for her family's investment properties and also operates a small liquor store with earnings of $75.00 to $100.00 per week. There is abundant testimony with regard to the pain and suffering endured by the plaintiff. This pain and suffering is still continuing, and she will have to endure it indefinitely.

The plaintiff's loss of earnings, the length of her hospitalization, the change in lifestyle and employment necessitated by the injury, and the pain and suffering are all uncontradicted in the record.

The verdict of $3,000 actual damages under the facts of this case is so shockingly inadequate as to warrant the conclusion that the jury was motivated by considerations not founded on the evidence and/or the instructions of the court. The trial judge abused his discretion in not granting a new trial on the ground of inadequacy of the verdict.

Reversed and remanded for a new trial as to John T. Barrineau, Jr., only.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.