0208

Benjamin Franklin GRIFFIN, Respondent, v. Henry Daniel GRIFFIN, Appellant.

(318 S. E. (2d) 24)

Court of Appeals

*James F. Walsh, Jr.*, Orangeburg, and *Doyet A. Early, III*, Bamberg, *for appellant.*

*W. D. Rhoad,* Bamberg, *for respondent.*

Heard March 29, 1984.

Decided June 25, 1984.

GOOLSBY, Judge:

In this personal injury action, Henry Daniel Griffin appeals claiming that the trial court erred in not granting his motions for directed verdict and judgment *non obstante veredicto* and in granting Benjamin Franklin Griffin's motion for a new trial after a jury returned a verdict in favor of Franklin and awarded him nominal sums for actual and punitive damages. Daniel also appeals the trial court's order settling the record on appeal. We affirm the case on the merits but reverse and remand the settlement order.

His appeal raises the following questions: (1) whether Daniel was guilty of negligence as a matter of law; (2) whether Franklin was guilty of contributory negligence as a matter of law; (3) whether Franklin assumed the risk involved as a matter of law; (4) whether the trial judge abused his discretion in granting Franklin's motion for a new trial upon the ground of inadequacy of the verdict; and (5) whether the trial judge erred in ordering Daniel to print the entire trial transcript?

Franklin and Daniel are brothers. On March 22, 1978, a diesel-powered tractor trailer truck owned by Franklin experienced transmission trouble. Bolts no longer held the bell housing to the transmission. The tractor's operator, James Pruitt, managed to drive the vehicle to Gulledge Truck & Equipment Company in Orangeburg. Because Gulledge's mechanics could not give the transmission immediate attention, Franklin undertook to repair it himself.

With Daniel and Pruitt helping him and using a hydraulic jack and pry-bar, Franklin attempted to realign the holes of the bell housing and transmission so that new bolts could be inserted and the bell housing reattached to the transmission.

The effort failed because the flywheel was out of line with a portion of the transmission and needed to be slightly turned. Franklin crawled beneath the tractor and asked his brother, who was in the cab, to "bump" the starter in order to make the flywheel turn. Franklin prepared to insert the bolts the moment the flywheel rotated and the alignment became corrected.

When Daniel pressed the starter, the engine started and the vehicle's wheels began to spin. Pruitt, who was standing on the passenger side of the tractor, grabbed Franklin by the legs and attempted to pull him out from under the tractor as the tractor moved forward. Spinning tires caught Franklin's arm, however, and pulled him back beneath the tractor seriously injuring him about the arms and chest.

## 1.

Daniel argues that the trial court should have directed a verdict in his favor because the evidence is insufficient to support findings that he was negligent and that his negligence was the proximate cause of Franklin's injuries.

In determining whether to grant a motion for a directed verdict, the evidence and all inferences that can reasonably be drawn therefrom must be viewed in the light most favorable to the nonmoving party. *King v. North River Ins. Co.*, 278 S. C. 411, 297 S. E. (2d) 637 (1982); *Tallon v. Seaboard Coast Line R. Co.*, 270 S. C. 362, 242 S. E. (2d) 418 (1978). "A verdict should not be directed in a negligence action where there is a question of fact for the jury and the evidence is such that reasonable men might differ." 65A C.J.S. *Negligence* § 251(6)a at 793 (1966). Only when but one reasonable inference can be drawn from the evidence is the trial court obligated to direct a verdict in favor of the moving party. *Farr v. Duke Power Co.*, 265 S. C. 356, 218 S. E. (2d) 431 (1975); *Williams v. Kalutz*, 237 S. C. 398, 117 S. E. (2d) 591 (1960). Because the issue of negligence is primarily one of fact [*Kimbrell v. Bi-Lo, Inc.*, 248 S. C. 365, 150 S. E. (2d) 79 (1966)], the question of whether due care was exercised under the particular circumstances of a case will ordinarily not be determined by the trial court as a matter of law but will usually be left for the jury to decide. *Jarvis v. Green*, 257 S. C. 558, 186 S. E. (2d) 765 (1972). Likewise, "what is the proximate cause of an injury is ordinarily a question for the jury" and "is to be determined as a fact, in

view of the circumstances of fact attending it." 57 Am. Jur. (2d) *Negligence* § 136 at 487 (1971); *Childers v. Gas Lines, Inc.*, 248 S. C. 316, 149 S. E. (2d) 761 (1966); *Schumpert v. Southern Railway Co.*, 65 S. C. 332, 43 S. E. 813 (1903).

Franklin testified that, before going beneath the tractor to insert the bolts into the bell housing, he instructed Daniel to put the tractor in "high range and bump the starter" in order to turn the flywheel. With the transmission in high gear, he continued, the motor would "stall and shut off" and the tractor "would not move" should the motor "accidentally crank up." On the other hand, he said, if the motor "happened to crank up in low range," the tractor "would move forward." Daniel, he further testified, "bumped the starter several times" and "when ... he pushed the starter too hard" the engine suddenly "cranked up" and the tractor "started to move forward." Franklin stated that he yelled as the spinning tires snatched his arm and that Daniel, instead of switching the ignition off, jumped from the cab "to see what was wrong."

Daniel's testimony corroborated that of Franklin. He testified that the transmission was in low gear. Further, he conceded that he "must have bumped [the starter] too hard and [the motor] cranked up" as a result. Daniel added that he did not attempt to switch the engine off until after Franklin told him to do so.

Here, then, sufficient evidence may be found in the record to support inferences that Daniel was negligent in his operation of the motor vehicle in question and that his negligence was the proximate cause of Franklin's injuries. The trial court properly refused Daniel's motion for directed verdict.

### 2.

Daniel also contends that the trial court should have either directed a verdict in his favor or granted his motion for judgment *n.o.v.* because the only reasonable inference to be drawn from all the evidence is that Franklin's contributory negligence proximately caused his injuries.

A plaintiff's contributory negligence, of course, may bar recovery for the injuries he sustained. 65A C.J.S. *Negligence* § 130 at 101 (1966). Whether a plaintiff was

contributorily negligent in a particular case is to be determined by reference to all relevant facts and circumstances surrounding the case. *Taylor v. Bryant*, 274 S. C. 509, 265 S. E. (2d) 514 (1980); *Toole v. Salter*, 249 S. C. 354, 154 S. E. (2d) 434 (1967). If either the testimony is conflicting or the inferences to be drawn from the testimony are doubtful, the question of whether a plaintiff was guilty of contributory negligence that will bar recovery is for the jury to determine. *Grainger v. Nationwide Mutual Ins. Co.*, 247 S. C. 293, 147 S. E. (2d) 262 (1966); *Bingham v. Powell*, 195 S. C. 238, 11 S. E. (2d) 275 (1940). Rarely does the question of a plaintiff's contributory negligence become a question of law for the court. *Ward v. Zelinski*, 260 S. C. 229, 195 S. E. (2d) 385 (1973); *Gillespie v. Ford*, 225 S. C. 104, 81 S. E. (2d) 44 (1954). It becomes so only when the evidence is susceptible of but a single reasonable inference. *Gray v. Barnes*, 244 S. C. 454, 137 S. E. (2d) 594 (1964); *Green v. Bolen*, 237 S. C. 1, 115 S. E. (2d) 667 (1960). In determining whether a plaintiff was guilty of contributory negligence as a matter of law, the whole evidence must be viewed in the light most favorable to him. *Clawson v. City of Sumter*, 247 S. C. 499, 148 S. E. (2d) 350 (1966); 57 Am. Jur. (2d) *Negligence* § 297 at 696 (1971). Where there is any uncertainty as to the existence of contributory negligence, the question is one for the jury. *Rogers v. Atlantic Coast Line R. Co.*, 222 S. C. 66, 71 S. E. (2d) 585 (1952); 65A C.J.S. *Negligence* § 255(1) at 854 (1966).

Franklin was not guilty of contributory negligence as a matter of law in crawling beneath the tractor after asking his brother to put the transmission in high gear and to "bump" the starter while he prepared to insert bolts into the transmission's bell housing, "unless it conclusively appeared beyond reasonable inference to the contrary that the danger in so doing was so obvious, imminent, and threatening that a reasonably prudent person would not have done so." *Rose v. Missouri District Telegraph Co.*, 328 Mo. 1009, 43 S. W. (2d) 562, 568, 81 A.L.R. 400 (1931). Guided by this rule, we hold that the question of Franklin's contributory negligence was not one of law for the court but was one of fact for the jury. We think Franklin had a right to rely on the assumption that his brother would exercise due care in doing exactly as he was asked to do. No error was committed by the trial court,

therefore, in denying Daniel's motions for directed verdict and judgment *n.o.v.* upon the ground that Franklin was contributorily negligent as a matter of law.

3.

Daniel maintains next that the trial court should have either directed a verdict in his favor or granted his motion for judgment *n.o.v.* because the only reasonable inference to be drawn from all the evidence is that Franklin assumed the risk involved in attempting to repair the transmission.

Under the defense of assumption of risk, "sometimes referred to as the doctrine of 'incurred risk,' or 'taking the risk or hazard,' or 'running the risk' " [65A C.J.S. *Negligence* § 174(1) at 289 (1966); *Smith v. Edwards,* 186 S. C. 186, 195 S. E. 236, 237 (1938)], a plaintiff who voluntarily assumes a risk of injury arising from the negligent conduct of the defendant cannot recover for the injury. 57 Am. Jur. (2d) *Negligence* § 274 at 663 (1971). The doctrine of assumption of risk rests on contract [*Daniel v. Tower Trucking Co. Inc.,* 205 S. C. 333, 32 S. E. (2d) 5 (1944); *Stogner v. Great Atlantic & Pacific Tea Co.,* 184 S. C. 406, 192 S. E. 406 (1937)] and "is founded on the theory of consent." 65A C.J.S. *Negligence* § 174(1) at 283 (1966). In South Carolina, the doctrine of assumption of risk may also apply to preclude recovery in negligence cases. *Smith v. Edwards, supra.* "The fundamental consideration underlying the doctrine as it is applied to non-contractual situations is that one should not be permitted knowingly and voluntarily to incur an obvious risk of harm when he has the ability to avoid doing so, and then hold another person responsible for his injury." 65A C.J.S. *Negligence* § 174(1) at 285-86 (1966). As is true with the question of contributory negligence, the question of whether a party assumed the risk of injury is ordinarily a question of fact to be determined by the jury. *Pleasant v. Mathias,* 247 S. C. 124, 145 S. E. (2d) 680 (1965); *Steinmeyer v. Marine Hotel Corp.,* 142 S. C. 358, 140 S. E. 695 (1927). The trial court may declare as a matter of law that the plaintiff assumed the risk where it clearly appears that "the plaintiff had knowledge of and appreciated his danger or that the danger was so obvious or apparent that knowlege should have been imputed to him." 57 Am. Jur. (2d) *Negligence* § 287 at 683 (1971).

As we view the evidence, Franklin voluntarily assumed the risk of the dangers imposed by a situation in which Daniel was to "bump" the starter at a time when the transmission of the tractor was in high gear. He did not as a matter of law freely and voluntarily with full knowledge of its nature and extent incur the risk of the dangers created by Daniel when he activated the starter while the tractor was in low gear. The trial court, then, did not err in refusing Daniel's motions for directed verdict and judgment *n.o.v.* upon the ground that Franklin assumed the risk as a matter of law.

### 4.

Daniel further contends that the trial court erred in granting Franklin's motion for a new trial on the ground of inadequacy of the verdict and in "not affirming the jury verdict as a verdict in favor of [Daniel] perversely expressed."

A trial judge in South Carolina, in the exercise of his discretion, may grant a new trial upon the ground that the verdict is grossly inadequate. *Toole v. Toole*, 260 S. C. 235, 195 S. E. (2d) 389 (1973); *Fuller v. Bailey*, 237 S. C. 573, 118 S. E. (2d) 340 (1961). The exercise of that discretion, however, may be reviewed by the Court of Appeals to determine whether there has been an abuse of discretion amounting to an error of law. *Toole v. Toole, supra; Williams v. Williams*, 246 S. C. 158, 142 S. E. (2d) 858 (1965).

The record shows that Franklin at the time of trial was thirty-six years of age. Immediately following the accident, he was taken by the Orangeburg Rescue Squad to the Orangeburg Hospital. Once there, he was attended to by a physician and received a blood transfusion. Among other things, he suffered from a badly mangled right arm, a fractured right clavicle, and third degree burns. Franklin spent approximately three weeks in the hospital. He underwent two skin grafting operations. Franklin experienced pain for a considerable length of time and, during the period following his discharge from the hospital, made numerous visits to the doctor. Approximately six months went by before he returned to work as a truck driver. His hospital and doctor bills totaled $3,649 and $1,510, respectively.

In granting Franklin's motion for a new trial upon the ground of inadequacy of the verdict, the trial judge believed

"the jury was confused" and that the verdict was "tainted." As the record reflects, the jury originally found for Daniel and was polled immediately afterward. During the polling, one juror indicated that the verdict was not her own. She reported that "a lot of confusion . . . and pushing and shoving" occurred in the jury room. The trial judge then required the jury to return to the jury room and continue with its deliberations in an effort to reach an unanimous verdict. Nearly two hours later, the jury rendered a verdict in Franklin's favor but for only $25 actual damages and $25 punitive damages.

Under the circumstances, we cannot say that the trial ■ judge abused his discretion as a matter of law in awarding Franklin a new trial. The facts justified the ordering of a new trial upon the ground of inadequacy of the verdict, particularly when considered alongside the "confusion" that the trial judge found attended the jurors' deliberations and affected their verdict. *See* 66 C.J.S. *New Trial* § 58a at 176 (1950); *see also Baroody v. Anderson*, 195 S. C. 422, 11 S. E. (2d) 860 (1940) (grant of a new trial for misconduct of jurors not an abuse of discretion).

Daniel, however, would have this court to adopt a rule ■ followed in West Virginia that would require us to view the verdict in this case as a verdict in his favor and not simply as an inadequate verdict in Franklin's favor. *See Freshwater v. Booth*, 160 W. Va. 156, 233 S. E. (2d) 312 (1977) (jury verdict would be set aside and a new trial awarded where verdict is clearly inadequate when evidence is viewed most strongly in defendant's favor, liability is contested and there is evidence to sustain verdict in favor of either party, and jury award, while inadequate, is not so nominal under the evidence as to infer that it was a defendant's verdict perversely expressed). We decline to do so. Instead, we choose to adhere to the rule prescribed by *Fuller* and *Toole* that leaves the decision of whether to grant a new trial on the ground of inadequacy of the verdict to the "just and wise judgment" of the trial judge [*Fuller v. Bailey*, 118 S. E. (2d) at 345] and requires him to determine whether the verdict is "so grossly inadequate as to manifestly show the jury was actuated by considerations not founded on the evidence and/or the instructions of the court." *Toole v. Toole*, 195 S. E. (2d) at 391.

## 5.

Finally, Daniel appeals that portion of the order settling the record that required him to print the entire trial transcript. He asserts that he was required to print irrelevant matter and submits that he should not be made to pay the cost of printing it.

In his proposed case and exceptions, Daniel proposed to print selected portions of the trial transcript. Franklin objected to the case as proposed by Daniel and demanded that all the testimony be included. The trial judge directed that the entire trial transcript be printed, not just the testimony.

Franklin does not appeal from the order settling the record but rather defends it. He contends that all the trial transcript was needed because "of the broad latitude covered by [Daniel's] [e]xceptions, and the uncertainty of the specifics of [Daniel's] planned argument." We are not persuaded.

Daniel merely appealed the denial of his motions for directed verdict and judgment *n.o.v.* and the granting of Franklin's motion for a new trial. Yet, much material included in the record on appeal involves other matters entirely. For example, several pages in the transcript reflect the exchange between the trial judge and a prospective juror, the discussion between the trial judge and counsel concerning certain financial records, and the trial court's jury instructions. How is this material relevant to any question before this court when no exception, either directly or indirectly, raised an issue as to the qualifications of any juror, the admissibility of evidence, or the trial court's charge to the jury?

The fact that the trial court made Daniel print irrelevant material affords Franklin no defense where he does not appeal the settlement order and the other party does so.

We therefore reverse the settlement order to the extent that it required Daniel to print "the entire [t]ranscript of the trial" and remand the case to the trial court for a determination as to how much irrelevant material was included in the record on appeal and for the entry of an appropriate order reimbursing Daniel for the cost of its reproduction. *See State v. Harris,* 278 S. C. 46, 292 S. E. (2d) 40 (1982) (wherein the Supreme Court stated that it "reserves the right to impose sanctions, including an order that the offending lawyer pay

the cost of reproducing the irrelevant material").

Again, appellate lawyers are reminded that they have a "duty of presenting only relevant matter in the transcript of record" [*State v. Harris*, 292 S. E. (2d) at 40] and that "no order by the trial judge or order of settlement will excuse compliance" with Rule 4. SUPREME COURT RULES, Rule 4 § 2.

Affirmed in part, reversed in part, and remanded.

GARDNER and CURETON, JJ., concur.