0413

Jacqueline R. DUFFY, Appellant, v. DIXON CONSTRUCTION COMPANY and Charles Edgar Hayes, Respondents.

(327 S. E. (2d) 382)

Court of Appeals

*H. Jackson Gregory* of *Gregory & Gregory,* Columbia; and *John C. Lindsay, Jr.* of *Lindsay & Lindsay,* Bennettsville, *for appellant.*

*Julius W. McKay, II* of *McKay & McKay,* Columbia, *for respondents.*

Heard Jan. 29, 1985.

Decided March 8, 1985.

SHAW, Judge:

Appellant Jacqueline R. Duffy brought this action alleging negligence and recklessness and sought damages for injuries she suffered in a collision with respondent Charles Edgar Hayes, a driver for respondent Dixon Construction Company. Duffy appeals the denial of her motion for new trial on the ground that the verdict of $6000 is inadequate and so "shockingly" low as to indicate the jury was misled by facts not founded in evidence. We affirm.

"In an action at law, on appeal of a case tried by a jury, the jurisdiction of this Court extends merely to the correction of errors of law and a factual finding of the jury will not be disturbed unless a review of the record discloses that there is no evidence which reasonably supports the jury's findings." *Townes Associates, Ltd. v. City of Greenville,* 266 S. C. 81, 221 S. E. (2d) 773, 775 (1976); *Willis v. Floyd Brace Co. Inc.,* 279 S. C. 458, 309 S. E. (2d) 295, 297 (Ct. App. 1983).

The complaint alleges on May 19, 1978, Duffy and Hayes were traveling on Highway 378 East outside West Columbia when Hayes cut into Duffy's lane hitting her car and forcing her off the road. At trial Duffy testified her injuries caused so much pain when she climbed stairs and lifted boxes, she had to give up her part-time job as a real estate salesperson and her full time job as an art teacher. She testified her earning capacity has diminished and introduced evidence her expenses for retraining and recertification as a social studies teacher, her medical bills, her lost wages, and her payments for yard work totaled $5485.85.

The physician who treated Duffy four days after this accident testified she suffered an acute sprain of the entire spine with multiple contusions; he estimated she has a five to ten percent permanent disability. An orthopedic surgeon who

treated Duffy eight months later estimated she has a ten percent permanent disability. However, Hayes and Dixon Construction established Duffy suffered similar injuries in other accidents. In wrecks in 1968 and 1976 she sustained injuries to her neck and back, requiring medical attention for several months. And in a 1981 collision Duffy's head went through a windshield.

"Motions for a new trial on the ground of . . . inadequacy are addressed to the sound discretion of the trial judge. His exercise of such discretion, however, is not absolute and it is the duty of this Court in a proper case to review and determine whether there has been an abuse of discretion amounting to error of law. . . . [t]he test which guides this Court in the exercise of its power and duty . . . is whether the verdict is so shockingly [inadequate] as to manifestly show that the jury was actuated by considerations not founded on the evidence and/or the instructions of the court." *Toole v. Toole,* 260 S. C 235, 195 S. E. (2d) 389, 390-391 (1973); *Griffin v. Griffin,* 318 S. E. (2d) 24, 29-30 (S. C. Ct. App. 1984).

We hold the verdict is not so shockingly inadequate as to indicate the jury was misled by considerations not founded on the evidence. Duffy argues the verdict is so out of line with her evidence of damages it could have been based only on caprice. However, the verdict covers the actual damages she enumerated and there is evidence to support a jury finding much of her pain and suffering was caused by other accidents. *Daniel v. Hazel,* 242 S. C. 443, 131 S. E. (2d) 260, 263-264 (1963); *Morris v. Barrineau,* 269 S. C. 84, 236 S. E. (2d) 409 (1977).

Affirmed.

CURETON and GOOLSBY, JJ., concur.