0566

ROUNDTREE VILLAS HOMEOWNERS ASSOCIATION, Respondent, v. Louis DeRIENZO and Winifred DeRienzo, Appellants.

(336 S. E. (2d) 883)

Court of Appeals

*Irby E. Walker, Jr.*, Conway; and *Preston F. McDaniel*, Columbia, *for appellants.*

*John R. Clarke*, North Myrtle Beach, *for respondent.*

Heard Sept. 23, 1985.

Decided Oct. 28, 1985.

SHAW, Judge:

Respondent Roundtree Villas Homeowners Association sued appellants Louis and Winifred DeRienzo to recover a duly authorized special assessment the DeRienzos refused to pay. In answer, the DeRienzos claimed their refusal is for just cause and sought a set-off against the Association's claim, alleging damages due to the Association's negligence. The DeRienzos also counterclaimed for actual and punitive damages alleging breach of a fiduciary duty. The trial court directed a verdict for the Association on its claim. The jury returned a verdict for the Association on the counterclaim. The DeRienzos appeal the directed verdict. We affirm.

The DeRienzos purchased a condominium at Roundtree Villas in 1978. For years prior to this litigation Roundtree Villas suffered from numerous leaks in the common roof. Efforts by the Association to repair the roof failed. Pursuant to a vote by the owners, as authorized by the By-Laws, the Association contracted with a roofer to install a new roof.

The homeowners' vote authorized a special assessment, levied against each owner, to pay for the repairs. Mrs. De-Rienzo voted for the assessment. After the repairs were made the DeRienzos refused to pay the assessment because their roof still leaked. They also refused to pay certain monthly fees. The Association then sued.

The trial judge directed a verdict for the Association on its claim, finding the assessment is proper under the Hori-

zontal Property Act, S. C. Code Ann. §§ 27-31-(10)-(300) (1976 & 1984), and is due. In ruling on a motion for a directed verdict, the trial judge must view the evidence and all inferences that can reasonably be drawn therefrom in a light most favorable to the nonmoving party. *Griffin v. Griffin*, 282 S. C. 288, 318 S. E. (2d) 24 (Ct.App. 1984).

Further, the court found there is no concomitant relationship, legally, between the payment of assessments and a condominium association's duty to maintain common elements. The DeRienzos charge the trial judge erred claiming there should be such a relationship. This issue is rendered moot by the jury verdict which the DeRienzos do not appeal.

The jury returned a verdict for the Association on the factual issue of whether the Association performed its contractual obligation to maintain the common elements and, specifically, the roof. Thus, even if the trial judge erred in directing a verdict for the Association (we do not decide this issue), the error was harmless due to the jury verdict. *O'Neal v. Carolina Farm Supply of Johnston*, 279 S. C. 490, 309 S. E. (2d) 776 (Ct. App. 1983).

Affirmed.

BELL and CURETON, JJ., concur.