848 F.2d 185
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Irving NOVACK and Mildred Novack, Plaintiffs-Appellees,
v.
DAYS INNS OF AMERICA, INC., Defendant-Appellant.
 No. 87-2683.
 United States Court of Appeals, Fourth Circuit.
 Argued: May 2, 1988.
Decided: May 23, 1988.
 
 Ricardo A. Moreno (Ronald E. Boston, Turner, Padget, Graham and Laney, P.A., on brief), for appellant.
 John P. Ford (Bryan, Bahnmuller, King, Goldman & McElveen, on brief), for appellees.
 Before DONALD RUSSELL and WIDENER, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Defendant, Days Inns of America, Inc., appeals from a jury verdict awarding the plaintiffs, Irving and Mildred Novack, $26,050.00 actual damages, and $10,000.00 punitive damages in a case arising out of a theft of jewelry from the Novacks' motel room in Hardeeville, South Carolina. Jurisdiction is based on diversity of citizenship as plaintiffs are residents of the State of Florida and the defendant is a Georgia corporation. We affirm.
 
 
 2
 Defendant's main contention is that the district court erred in failing to direct a verdict or to grant judgment notwithstanding the verdict as to defendant's liability. Defendant argues that it is protected from liability by S.C.Code Ann. Sec. 45-1-40 (1976) and also that the plaintiffs are barred from recovery because of their contributory negligence.
 
 
 3
 The facts, when viewed in the light most favorable to the plaintiffs, show the following. On June 1, 1985, the Novacks checked into the Days Inn motel in Hardeeville, South Carolina. Mrs. Novack carried a purse containing $26,050.00 worth of personal property and jewelry. Before going to eat at the motel's restaurant, Mr. Novack called the desk clerk to ask about placing the purse in the motel's safe. The clerk informed Mr. Novack that only the manager had the safe's combination, that the manager was not available, and that there was a slot in the safe into which some items could be deposited but that Mrs. Novack's purse would not fit through the slot. The clerk also told Mr. Novack "I can't help you." The Novacks then locked the purse in a suitcase, turned on the lights and television, put a "Do Not Disturb" sign on the door, locked the door before going to the motel's restaurant. Upon returning, they discovered that they had been robbed and that the purse was missing.
 
 
 4
 S.C.Code Ann. Sec. 45-1-40 (1976) limits the liability of an innkeeper to its guests, when that innkeeper has provided a safe and posted a notice that such a safe is available. Days Inns argues that the district court should have directed a verdict that Days Inns was protected by this statute.
 
 
 5
 The district court acted properly in submitting to the jury the issue of whether Days Inns actually made a safe available to the Novacks. It is a well recognized principle that "a directed verdict is proper where the evidence is without dispute or is so conclusive that if a verdict were returned for the party against whom the motion is directed, the exercise of sound judicial discretion would require that it be set aside." Wachovia Bank and Trust Company v. United States, 288 F.2d 750, 757 (4th Cir.1961). This is not such a case. Here, there was sufficient evidence for the jury to conclude that although this Days Inn had a safe on the premises, it was not made available to the Novacks. Under these circumstances, Days Inns was not entitled to the protection of S.C.Code Ann. Sec. 45-1-40.
 
 
 6
 Defendant further argues that it was entitled to a directed verdict by virtue of the Novacks' contributory negligence. In South Carolina, a plaintiff whose own negligence contributes to the injury is barred "from recovering anything against a defendant whose negligence also caused his injuries, even if the defendant is guilty of greater negligence." South Carolina Ins. Co. v. James C. Greene and Co., 290 S.C. 171, 348 S.E.2d 617, 620 (S.C.App.1986).
 
 
 7
 South Carolina law makes clear that when "the testimony is conflicting or the inferences to be drawn from the testimony are doubtful, the question of whether a plaintiff was guilty of contributory negligence that will bar recovery is for the jury to determine." Griffin v. Griffin, 282 S.C. 288, 318 S.E.2d 24, 28 (S.C.App.1984). Here, the jury found the Novacks were not contributorily negligent. There was sufficient evidence of precautions taken by the Novacks to support this finding.
 
 
 8
 Accordingly, the judgment of the district court is
 
 
 9
 AFFIRMED.